## Ex Parte Will Neal.

### No. 3066. Decided December 14, 1904.

**1.—Local Option—Habeas Corpus—Notice of Election.**

The local option election law which provides for posting notices at five places for twelve days prior to the day of election in the territory in which such election is to be held, is not repealed by the general election law, passed subsequently, which provides that notices for special elections are required to be published in a newspaper for twenty days prior to the date of the election, or by posting, etc., in the event there is no paper, for twenty days, etc.; and an election held for local option under the provisions of the local option law is valid.

**2.—Same—Repeal of Laws by Implication Not Favored.**

Special laws and legislation to be made operative by the voters of a particular locality, and laws of kindred character, are not repealed by general laws, unless specially mentioned in the general law, or such purpose is made manifest from the plain provsisions of the general law.

**3.—Same—Purpose and Intent of the Legislature.**

It is manifest, that inasmuch as the general election law, known as the Terrell Election Law, does not mention the local option law, that no repeal of any of the provisions was intended; nor is it to be gathered from any provisions of that law that the evident intention or manifest purpose of the Legislature was to repeal any of the provisions of the local option law in respect to giving notice of elections thereunder. Following Schields v. State, 38 Texas Crim. Rep., 252.

**4.—Same—Judicial Decisions Presumed to Enter Legislative Intent.**

Where the decisions of the appellate courts were well understood at the time to hold that the general law in regard to notice of special elections did not apply to local option elections, and that there was no repugnancy or conflict between the general and the special law, it will be presumed that this construction entered into the legislative intent when the Terrell Election Law was passed.

**5.—Same—Purpose to Repeal must be Manifest.**

Local option is a part of the constitutional and legislative system of Texas, and before the courts will be justified in holding the general law as repealing the prior local option statute in regard to election notices, there must be express mention of that purpose in the general law, or else the purpose to repeal must be clearly manifest.

From Harrison County.

Original application for habeas corpus for release from commitment for a violation of the local option law; the relator claiming that by reason of the notice given under the local option law the election was void.

The opinion states the case.

*Baker & Ethridge* and *Wm. P. Ellison,* for relator.—That what is commonly known as the Terrell Election Law, supersedes all other laws on the same subject, and is itself a substitute for all other laws in pari materia, and is to be construed as an entire system within itself, superseding all other laws on the same question. 26 Amer. & Eng. Enc. of Laws, page 920.

It must certainly occur to all observers that the Terrell Election Law was designed to supersede, and in itself to be a full complement of all laws on the same subject. That this is clear is evidenced, in our opinion, by the most exhaustive decision of Judge D. E. Bryant, of the U. S.

Court of the Eastern District of Texas, who has heretofore held that any election for "local option," without compliance with the Terrell Election Law was void.

*Howard Martin,* Assistant Attorney-General, for respondent.

DAVIDSON, PRESIDING JUDGE.—Applicant seeks his discharge upon the ground that the local option election, for the violation of which he is under arrest, is void, because notices were not given in accordance with the provision of the act of the last Legislature, commonly designated, the "Terrell Election Law." Under that law notices of special elections are required to be published in a newspaper for twenty days prior to the date of the election, if there be such paper; if not, then by posting for twenty days such notice at each voting place in the territory in which the election is to be held. This law was not followed in this respect in the territory where applicant is charged with violating the law. The requisite notice for local option elections is by posting notices at five places for twelve days prior to the day of the election in the territory in which such election is to be held. The terms of the local option election law, in regard to notices must be followed as a prerequisite to the validity of the election, unless such law has been repealed by the Terrell Election Law. The question here is, has such a repeal been effected; in other words was the local option law in regard to notice repealed by the later general law. We have answered this in the negative in Ex parte Keith, decided at the present term. See that case, as well as the concurring opinion of Judge Henderson. Also Ex parte Kimbrell, decided at the present term.

Repeals by implication are not favored, and under this rule, in order to effect a repeal, the conflict between the two laws must be irreconcilable. This rule applies more particularly to cases where the two laws are of the same class or nature, or of the same character of legislation. But where one law is general in its application, and the other special or local, the rule is different; it is still more rigid and stringent. Special laws and legislation to be made operative by the voters of a particular locality and laws of kindred character, are not repealed by general laws, unless specially mentioned in the general law, or such purpose is made manifest from the plain provisions of the general law. Ellis v. Batts, 26 Texas, 703; State v. Connor, 86 Texas, 103; 26 Amer. & Eng. Ency. of Laws, 2nd. ed., p. 739, note 3 for collation of authorities. The decisions there collated are too numerous to be here cited. They announce the rule above stated to be the law in England, Canada, and in the United States, by both federal and State courts. The reason for the rule is thus stated, "In passing a special act the legislature has its attention directed to the special case which the act was made to meet, and considers and provides for all the circumstances of that special case, and having done so, it is not to be considered that the legislature by a subsequent general enactment intended to derogate from the special pro-

vision previously made, where it was not mentioned in such enactment." 26 Amer. & Eng. Ency. of Law, 2nd ed., p. 741; Fitzgerald v. Champnay, 2 Johns & H. 54.

An inspection of the Terrell Election Law will manifest the fact that no mention of the local option laws is to be found; nor is it to be gathered from the provisions of that law that the evident intent or manifest purpose of the legislature was to repeal any of the provisions of the local option law in respect to the matters here under discussion. Nor are the two laws in any way inconsistent. Such has been the view taken on this subject by this court in Shileds v. State, 38 Texas Crim. Rep., 252; and by our appellate civil courts in Voss v. Terrell, 34 S. W. Rep., 170, and in Roper v. Scurlock, 69 S. W. Rep., 456. It was held in those cases that the general law in regard to notices of special elections did not apply to local option elections; and that in this respect there was no repugnancy or conflict between the general and the special law. These decisions were well understood by the Legislature at the time the Terrell Election Law was present. It is the rule and has been since local option became part of our constitutional and legislative systems that whenever and wherever local option laws are in vogue, or are in opposition to the general law, that such law supersedes and prevails, while existent, over the general law. That the local option laws in this State have been enacted under this idea, will not admit of discussion or doubt. This idea has been carried to the extent that when put into operation in a given territory, the local law remains in full force until voted out of such territory by those who have the right to vote on the question, despite all alterations or changes of such local law by subsequent legislation. This has been the rule throughout the history of local option legislation in this State. It has been even held that an alteration of the punishment by subsequent legislation cannot affect the territory already under the operation of the prior local option statute; and the Legislature is powerless to repeal such prior laws so as to change such status in the territory where the law is in force at the time of the change. This is and has been as well understood as is the fact that local option is a part of our constitutional and legislative system. Therefore, before the courts will be justified in holding the general law as repealing the prior local option statute in regard to election notices, there must be express mention of that purpose in the general law, or if not, then that intent must be so clearly manifest that no doubt is left, and such purpose to repeal must be made to appear unequivocally and with certainty. This purpose is not manifest, nor is it even apparent. The two laws can exist without conflict as they have from the beginning; and there is no reason made to appear why this well understood rule should be changed or that it was the legislative intent to change it. We are of opinion, therefore, that the law was properly put into operation, so far as notices are concerned, and that the failure to give the notice required by the Terrell Election Law, does not in any way affect the validity of that election. This is an original application before this

court for the writ of habeas corpus, which was granted and set down for hearing. After a careful revision of the matters involved, we do not believe applicant is entitled to his discharge, and he is accordingly remanded to custody.

*Remanded to custody.*