### FRANK PAUL v. STATE OF TEXAS.

#### Decided November 30, 1907.

**1.—Liquor Dealer—City Ordinance—Saloon Limits—Baskin-McGregor Law.**

The fact that a liquor dealer had obtained, under the provisions of the Act known as the Baskin-McGregor law, a license from the State and county to pursue his occupation at a certain specified locality within a city, will not authorize the pursuit of such occupation at said locality when the same is forbidden by a valid ordinance of said city prescribing saloon limits, and an injunction will lie under the provisions of said law to prevent the pursuit of said occupation at such place.

**2.—Same.**

Under the provisions of section 2 of the Baskin-McGregor law making it a public nuisance to pursue the occupation of selling intoxicating liquors in localities where the sale has been prohibited by law, a city, under proper charter powers, has the right to prescribe certain limits within its boundaries where such liquors may be sold. Said provisions were not intended to apply only to counties and precincts where local option is in force.

**3.—General Law—Special Law—Construction.**

The Thirtieth Legislature passed an Act granting to the city of Dallas a special charter whereby the city was given authority to prescribe certain limits within its boundaries wherein alone saloons might lawfully be conducted; at the same session, and a few days thereafter, the Legislature passed the Act known as the Baskin-McGregor law regulating the sale of intoxicating liquors throughout the State. Held, there was no conflict between the two

Acts, and the one did not repeal the other. But if there was any conflict, the Act granting the charter, being special in its character, would control in the particular locality to which it related.

**4.—Liquor License—Effect.**

The issuance of a State and county license to pursue the occupation of a retail liquor dealer in a certain locality, is not conclusive evidence of the licensee's right to do so. The county judge has no jurisdiction to determine whether or not the sale of intoxicating liquors in such locality has or has not been prohibited, and any such adjudication by him would not be binding on a city, the provisions of whose charter were violated by such adjudication.

Appeal from the District Court of Dallas County. Tried below before Hon. E. B. Muse.

*Barry Miller, Finley, Knight & Harris* and *J. J. Eckford*, for appellant.—The Board of Commissioners of the city of Dallas can only exercise the authority vested in them through the charter or some other law of the State of Texas, and without that they are powerless to act, and no one will contend that the city by an ordinance can repeal or enlarge, alter or change a provision of the charter. Therefore, if the Board of Commissioners of Dallas had attempted by ordinance to tax or license a saloon at appellant's place, it would have been null and void. In support of this proposition we cite: Williams v. Davidson, 43 Texas, 34; Wright v. Victoria, 4 Texas, 379; Ex parte Heidleberg, 51 Texas Crim. Rep., 581; 66 Texas, 461; Ex parte Grace, 9 Texas Crim. App., 385; Bayha v. Carter, 26 S. W. Rep., 137.

The right of appellant to carry on and conduct a retail liquor business at 568 Ross Avenue is concluded by the judgment of the County Court rendered in favor of appellant and granting him license to conduct such business at such place during the period from August 1, 1907, to July 31, 1908. The very issue of his right to carry on such business at such place was involved in the proceeding and was contested by the county attorney and determined in favor of appellant, and can not be brought in question or denied in this proceeding.

A judgment rendered by a court of competent jurisdiction is conclusive as to all issues involved in the suit and which were, or might have been determined, until it is reversed or set aside, and can not be collaterally attacked. 1 Freeman on Judgments (4th ed.), sec. 249; Black on Judgments, secs. 245, 246; Thomas v. Junction City Ir. Co., 80 Texas, 554; McGhee v. Romatka, 47 S. W. Rep., 291; Hatch v. Garza, 22 Texas, 187; Sutherland v. DeLeon, 1 Texas, 302.

Where a board or person is given authority to determine a matter, the determination is in effect a judgment having all the incidents and properties attached to a similar judgment pronounced in any created court of limited jurisdiction acting within the bounds of its authority, and such decision when made is *res judicata* and as conclusive of the issues involved in the decision as though the adjudication had been made by a court of general jurisdiction. 2 Freeman on Judgments (4th ed.), sec. 531; Black on Judgments, secs. 531, 532.

The Baskin-McGregor law is a complete scheme of legislation affecting the business of retail liquor dealers and provides for taxing, licensing and regulating such business, and is applied and has application to all territory in Texas save that where local option has been adopted and prevails. The latter character of territory is specially excepted from the provisions of the act. This act being a complete scheme of legislation on a special subject, and only the local option territory in the State being excepted from its provisions, it is manifest that it has application to all cities and towns. The charter of the city of Dallas which was passed by the Legislature three days previous to the passage of the Baskin-McGregor Act, relates generally to the municipal affairs of the city and incidentally to the subject of retail liquor dealers. These provisions are inconsistent with the general Act, and the charter provisions must yield to the general Act. 1 Lewis' Sutherland on Stat. Cons. (2d ed.), 534; McCormick v. People, 139 Ill., 499, 28 N. E. Rep., 1106; Hartford v. Hartford Theological Seminary, 66 Conn., 475, 34 Atl. Rep., 483; Hunt v. Card, 47 Atl. Rep., 921; Quinn v. Cumberland, 29 Atl. Rep., 289; Appeal of Wagner Free Inst., 19 Atl. Rep., 297; Dobson v. Brooklyn, 40 N. E. Rep., 988; State v. Angelo, 51 Atl. Rep., 905; 1 Lewis' Sutherland on Stat. Cons. (2d ed.), sec. 277; Dobbins v. Supervisors, etc., 5 Cal., 414; Sutton v. Hays, 17 Ark., 462; Sutherland on Stat. Cons. (old ed.), sec. 159, pp. 213-14; Felt v. Felt, 19 Wis., 208; State v. Goetze, 22 Wis., 363; Crane v. Reeder, 22 Mich., 322; Nusser v. Commonwealth, 25 Pa. St., 126; Acts 1907, p. 258; Ex parte Young, 95 S. W. Rep., 100; Ex parte Lynn, 19 Texas Crim. App., 293; 1 Lewis, Southerland Stat. Const., 2d ed., secs. 276, 249; 26 Am. & Eng. Encyc. Law, pp. 739, 742; Western & A. R. R. v. Atlanta, 113 Ga., 537, 54 L. R. A., 294; State v. Robinson (Minn.), 112 N. W. Rep., 272; Bowyer v. Camden, 50 N. J. L., 87; Louisville R. R. Co. v. Williams (Ky.), 41 S. W. Rep., 287; Nelden v. Clark, 59 Pac. Rep., 524; People v. Briggs, 50 N. Y., 553; Nusser v. Comm., 25 Pa. St., 126; Korah v. City Ottawa, 32 Ill., 121; Bryan v. Sundberg Collector, 5 Texas, 418; State v. Jno. Horan, 11 Texas, 144; Stirman v. State, 21 Texas, 734; Stebbins v. State, 22 Texas Crim. App., 35; Dickinson v. State, 41 S. W. Rep., 759; Coombs v. State, 44 S. W. Rep., 854; Rutherford v. State, 39 Texas Crim. Rep., 139; Sullivan v. State, 32 Texas Crim. Rep., 50.

*Dwight L. Lewelling,* County Attorney, and *Lee Richardson,* Assistant County Attorney of Dallas County, for appellee.

TALBOT, ASSOCIATE JUSTICE.—This suit was instituted by the county attorney of Dallas County, Texas, in his official capacity and in behalf of said State, to restrain, by writ of injunction, the appellant, Frank Paul, from engaging in and pursuing the occupation of a retail liquor dealer in the city of Dallas. The action is based upon an Act of the 30th Legislature, declaring that persons, firms and corporations who sell intoxicating liquor without first procuring a license and paying all taxes due, or who engage in selling and

dispensing intoxicating liquor contrary to the provisions of said Act in counties and precincts wherein the sale of such liquor has been prohibited by law, to be creators and promoters of a public nuisance. Gen. Laws, 30th Leg., p. 166.

The amended petition, upon which the hearing was had, was filed October 29, 1907, and alleges in substance that appellant was then, and had been for several weeks prior thereto, engaged in the occupation and business of selling spirituous, vinous or malt liquors in quantities of one gallon or less, and in conducting a saloon upon premises known as No. 568 Ross Avenue, in the city of Dallas, Dallas County, Texas, without having first procured the necessary license therefor and paid the tax required by law for such occupation; that the city of Dallas is a municipal corporation and is authorized and empowered to license saloons and all persons engaged in selling such liquors, and to levy a tax upon the same; that the Board of Commissioners of said city, by an ordinance passed August 21, 1907, did levy an annual tax upon every person selling spirituous or malt liquors in the city of Dallas; that appellant, since the 21st day of August, 1907, has been engaged in the occupation of a retail liquor dealer in said city, and has never paid the said tax, nor procured the license required by said ordinance. It was further alleged that appellant was, at the time of the filing of said petition, and for several weeks prior thereto had been, the owner and proprietor, managing and conducting a public place and business at No. 568 Ross avenue in the said city of Dallas, where intoxicating liquors were stored, drank and dispensed, the same being a place in Dallas County, Texas, wherein the sale of such liquors had been prohibited by law in this, that by an Act of the Thirtieth Legislature of the State of Texas, to wit, an Act granting a new charter to the city of Dallas, and by an ordinance passed by the Board of Commissioners of said city in accordance therewith on the 8th day of July, 1907, entitled "An ordinance regulating the location of any saloon in certain territory of the city of Dallas, and providing a penalty," it became and was, at the time of the institution of this suit, and for some time prior thereto, unlawful to locate, establish, maintain or conduct a saloon within the corporate limits of said city, outside of the limits as described in said Act and ordinance.

Appellant answered by general and special exceptions, a general denial, and specially, that, on the 12th day of July, 1907, he, in accordance with the laws of this State, and specially under the Act of the Thirtieth Legislature, chapter 138, approved April 18, 1907, and known as the Baskin-McGregor bill, obtained from the Comptroller of the State a permit to apply for license as a retail liquor dealer in the county of Dallas, at the location and place named in plaintiff's petition; that thereafter, in full compliance with said law, appellant filed his petition with the County Judge of said county for license to do business as a retail liquor dealer at the place and locality referred to, which was set down for hearing July 23, 1907; that when said petition came on to be heard the county attorney of Dallas County, Texas, appeared and filed a written contest of appellant's right to procure such license, and the County Judge, after hearing the evi-

dence upon the issues made and the argument of counsel, rendered judgment, decreeing that appellant was entitled to license as prayed for, which judgment has been in no wise vacated or set aside, and is conclusive of appellant's right to do business at said place and locality as a retail liquor dealer. Appellant further pleaded that, in pursuance of said law and said judgment, he paid to the tax collector of Dallas County, Texas, the lawful taxes fixed and required to be paid by said Baskin-McGregor law upon said business, took his receipt therefor, and on presenting the same and said judgment to the county clerk of said Dallas County, said clerk issued and delivered to him a license authorizing appellant to engage in and conduct the business of a retail liquor dealer at the place and locality named in appellee's petition for the period of one year.

The petition for the injunction came on to be heard before the Hon. E. B. Muse, Judge of the Forty-Fourth Judicial District, at chambers, on November 11, 1907, and after hearing the evidence and argument of counsel a temporary writ of injunction was granted restraining appellant from further prosecuting and carrying on his business until the further order of the court upon a final hearing of the cause. From this order and judgment of the court the appellant has appealed.

The material facts are substantially as follows: On the 12th day of July, 1907, the defendant, Frank Paul, applied to the Comptroller of the State of Texas, as provided by the Act of the Thirtieth Legislature, approved April 18, 1907, and commonly known as the Baskin-McGregor bill, for a permit to apply for a license as retail liquor dealer at No. 568 Ross Avenue, in the city of Dallas, county of Dallas, State of Texas, and the same was granted him, and thereafter, on the 12th day of July, 1907, he filed his petition with the judge of the County Court of Dallas County for a license as a retail liquor dealer at said place, which was by an order or judgment of said court granted him. He paid to the tax collector of Dallas County the tax due the State of Texas, and the tax levied by the Commissioners' Court of Dallas County upon said business of retail liquor dealer at said place, and subsequently presented said judgment of the County Judge of Dallas County, and said tax receipts, to the county clerk of Dallas County, together with his bond, as required by section 13 of the last-named Act of the Legislature, whereupon said clerk issued to the defendant the proper license, which said license authorized this defendant to pursue the business of retail liquor dealer at No. 568 Ross avenue for the period of one year from 1st day of August, 1907. On the 20th day of October, 1907, and ever since then, the defendant has been engaged in the occupation of retail liquor dealer, and conducting a saloon, as defined in the charter and ordinances of the city of Dallas, at said No. 568 Ross Avenue in the city of Dallas, Dallas County, State of Texas; and on said date he was the owner and proprietor, managing and conducting a public place and business where intoxicating liquors were kept, drank, sold and dispensed, and he had no license therefor other than the license issued by the county clerk of Dallas County, Texas, on the 1st day of August, 1907, which license was issued in full compliance with a law

passed by the Thirtieth Legislature, approved April 18, 1907, being House Bill No. 13, and popularly known as the Baskin-McGregor bill, and has paid no other tax on said business other than the tax levied by said last-mentioned Act and the tax levied by the county of Dallas in pursuance of said Act, and has not paid any tax whatever to the city of Dallas. Said location, to wit, No. 568 Ross Avenue, is in that portion of the city of Dallas outside of the limits prescribed in paragraph one, article twelve, of the charter of the city of Dallas, and an ordinance entitled, "An ordinance regulating the location of saloons in the city of Dallas, and prohibiting the establishing, maintenance and location of any saloon in certain territory of the city of Dallas, and providing a penalty." The business conducted by this defendant at said place was the sale of intoxicating liquors in quantities in compliance with said license, and he has made no sale of intoxicating liquors in quantities other than in the manner prescribed by said license issued by the county clerk of Dallas County, as aforesaid. The sale of intoxicating liquors has not been prohibited in Dallas County as a county, nor in said justice precinct No. 1 of Dallas County as a precinct, in accordance with title 69 of the Revised Civil Statutes of the State of Texas, known as the local option law. The authorities of the city of Dallas refused to receive any money from said Frank Paul as occupation tax, or to issue a permit or license to him to do business as a retail liquor dealer for any period at said No. 568 Ross Avenue in said city. The city of Dallas has legally passed "An ordinance regulating the location of saloons in the city of Dallas, and prohibiting the establishing, maintenance and location of any saloon in certain territory of the city of Dallas, and providing a penalty," and said ordinance is, and was at the time of the filing of the petition herein, and at the time of the alleged violation, in full force and effect, as prescribed by the charter of the city of Dallas; and also an ordinance providing for the issuance of license to liquor dealers, and said ordinance is, and was at the time of the filing of the petition herein, and at the time of the alleged violation, in full force and effect.

The first subdivision of section one of the law under which the State is proceeding in this case declares that "any person, firm or corporation, who may engage in or pursue the business of selling intoxicating liquor, without first having procured the necessary license and paid the taxes required by law," is a creator and promoter of a public nuisance, and the infringement of this section of the statute is alleged as one of the grounds upon which the injunction sought should be granted. Appellant insists that, inasmuch as it conclusively appears that he had paid the State and county occupation taxes and procured a license from the county clerk to carry on the business of a retail liquor dealer at the place named in appellee's petition, and that by the charter and ordinances of the city of Dallas it was made unlawful to locate or conduct a saloon at such place, and no tax had been levied upon such business, and license required by said city to engage therein, appellant could not be enjoined, upon the ground alleged, that he was selling without a license. This question we deem it unnecessary to decide.

The second subdivision of section one of the statute referred to provides that "any person, firm or corporation, who may, as owner, proprietor or agent, establish, manage or conduct any public place or business where intoxicating liquors are stored, kept, drank, sold or dispensed, within any county or precinct within this State wherein the sale of intoxicating liquor has been prohibited by law," shall also be regarded as a creator and promoter of a public nuisance. The violation of this provision of said statute is alleged as a ground for the injunction obtained at the hands of the judge to whom appellee's petition was presented, and, being established by the evidence, authorized the action in granting the writ.

The Thirtieth Legislature of this State passed an Act, entitled "An Act to grant a new charter to the city of Dallas, Dallas County, Texas," and by subdivision 24 of section 3, article 2, under the head of "Police Powers," authorized and empowered said city "to license, tax and regulate . . . drinking houses or saloons, barrooms, beer saloons, and all places or establishments where intoxicating or fermented liquors are sold." Article 12, section 1, of said charter, also provides that it shall be unlawful to locate, establish, maintain, or conduct a saloon, as therein defined, within the corporate limits of the city outside of certain described boundaries. Under the authority given by the charter, and consistent therewith, the Board of Commissioners of the city of Dallas enacted an ordinance which provides that it shall be unlawful for any person, firm or corporation, to maintain or conduct a saloon outside of the limits therein prescribed, which were the same as defined in the charter. It is not denied, but is admitted, that appellant was, at the time alleged in the petition, conducting a saloon within the corporate limits of said city, and outside of the saloon limits as prescribed by the charter and ordinance of the city, and had no authority or license for so doing, except the license granted by the State and county. Such license, in view of the charter and ordinances of the city of Dallas, to which we have adverted, did not confer upon appellant the right to conduct and maintain a saloon at the point named in appellee's petition, and relieve him from the consequences of a violation of the second section of the statute under consideration.

With the contention of appellant, that this section of the statute has reference only to precincts and counties that have adopted the local option law as contained in title 69 of the Revised Statutes of the State, we do not agree. The language of the statute, to wit, "where the sale of intoxicating liquors has been prohibited by law," was not, in our opinion, intended by the Legislature to be, and should not be, restricted to our local option laws proper. The statute was intended as a cumulative remedy for suppressing the violation of all laws inhibiting the sale of intoxicating liquors in any prescribed territory, without regard to the method by which such laws were enacted or put into operation. At the time the statute in question was passed, by charter provisions and ordinances enacted under authority conferred by the Legislature, it was made unlawful to sell intoxicating liquors outside of certain defined limits in many cities in this State. Such efforts to regulate the sale of intoxicating liquors and protect

the residence portions of incorporated cities from the evil influences and effects of the open saloon was a well-known part of the legislative history of this State upon that subject, and it is not believed that the Legislature intended that the operation of the statute under consideration should not be extended to such cities and localities. Significant of the fact that they did not so intend is the use of the comprehensive language "prohibited by law," and not that of a much more restricted meaning, as usually understood, "where local option is in force." The language employed in its broadest sense will apply to and cover not only cases where the sale of intoxicating liquor and the maintenance of such a business has been prohibited by the adoption of local option, under the provisions of title 69 of our Revised Statutes, but also where it has been made unlawful, as in the present case, to carry on and conduct such business in any defined territory. Such was evidently the intention of the Legislature.

Nor do we believe the operation of this statute should be confined to cases where the sale of intoxicating liquors has been prohibited in the entire county or entire precinct of the county. No good reason is perceived why the Legislature should declare a person to be a creator and promoter of a nuisance who conducts a business where intoxicating liquors are stored, drank, sold or dispensed, within a county or precinct wherein the sale of such liquors has been prohibited by law in the entire county or entire precinct, and authorize the abatement of such nuisance by injunction, and not to so denounce such a person, and provide the same remedy, where the sale of intoxicating liquors has been prohibited in a subdivision or smaller portion of the county or precinct. Evidently it was the intention and purpose of the Legislature that the remedy by injunction, as provided for in the statute, should apply to and become operative in any clearly and legally defined subdivision or portion of the county or precinct where intoxicating liquors are being stored, sold or dispensed in violation of the law. The language, "within any county or precinct," must therefore be construed to mean and include not only the entire county or precinct, but any defined or prescribed portion thereof within which the sale of intoxicating liquors has been prohibited, and in which it is made unlawful for a person to manage or conduct any public place or business where such liquors are stored, drank or sold.

Appellant contends that the Baskin-McGregor law is a complete scheme of legislation affecting the business of retail liquor dealers; that the charter of the city of Dallas, which was passed by the Thirtieth Legislature a few days previous to the passage of the Baskin-McGregor Act, relates generally to the municipal affairs of the city, and incidentally to the subject of retail liquor dealers; that the provisions of the charter are inconsistent with the general or Baskin-McGregor Act, and, therefore, the charter provisions must yield to the general Act. We can not agree with this construction of the law. It is well settled that special legislation or local laws are not repealed by a later general Act, unless specially mentioned in the general law, or such purpose is made manifest from the plain provisions of the general law. Ex parte Neal, 83 S. W. Rep., 831; State v. Connor, 86 Texas, 133; Ellis v. Batts, 26 Texas, 703; 26 Am. & Eng. Ency. of

Law (2d ed.), 739, and note 3. In the authority last cited, after stating the rule substantially as we have above, though more elaborately, it is said: "The reason which has been given for this rule is, that in passing a special Act the Legislature has its attention directed to the special case which the Act was made to meet, and considers and provides for all the circumstances of that special case, and having done so, it is not to be considered that the Legislature, by a subsequent general enactment, intended to derogate from the special provision previously made when it was not mentioned in such enactment." Fitzgerald v. Champneys, 2 Johns. & H., 54. There is no mention made in the Baskin-McGregor law of the Act granting the Dallas charter, nor to any of its provisions. If, therefore, the Baskin-McGregor Act effects a repeal of any of the provisions of said charter, it is by implication, and not by expression. In his work on Statutory Construction, section 157, Mr. Sutherland says: "It is a principle that a general statute, without negative words, will not repeal by implication from their repugnancy the provisions of a former one which is special or local, unless there is something in the general law or in the course of legislation upon its subject matter that makes it manifest that the Legislature contemplated and intended a repeal." Mr. Black, on this subject, says: "When the provisions of a general law applicable to the entire State are repugnant to the provisions of a previously enacted special law applicable in a particular locality only, the passage of such general law does not operate to modify or repeal the special law, either wholly or in part, unless such modification or repeal is provided for in express words or arises by necessary implication. A local statute enacted for a particular municipality, for reasons satisfactory to the Legislature, is intended to be exceptional, and for the benefit of such municipality. It has been said that it is against reason to suppose that the Legislature, in framing a general system for the State, intended to repeal a special Act which the local circumstances made necessary." Black, Interp. Laws, 116. It is also a well-established rule that, "when a general intention is expressed, and also a particular intention which is incompatible with the general one, the particular intention shall be considered an exception to the general one." In such cases full effect may be given to the general law beyond the scope of the local or special law, and by allowing the latter to operate according to its special purposes and aims the two Acts can stand together.

The application of these principles seems clear. If it be admitted, which is not done, that the provisions of the Baskin-McGregor Act and the provisions of the charter of the city of Dallas relating to the subject matter of this controversy are repugnant to each other, yet we see nothing in the former Act, or in the course of legislation touching such provisions, that renders it manifest that the Legislature contemplated and intended a repeal. The Baskin-McGregor law is intended as a general system for the State in dealing with the whiskey traffic, whereas the provisions of the Act, constituting the charter of the city of Dallas and relating to the same subject, are local laws in their operation, and enacted for the benefit of said city, which local

conditions and experience dictated were necessary. Again, as said in the case of McGrady v. Terrell, 98 Texas, 427, "the two laws having been passed at the same session of the Legislature, should be considered as if embraced in one Act, and should be so construed as that both may stand." Suth. on Stat. Const., sec. 283. That case is also authority for the legal conclusion that, if the Acts be considered separately, "it would not be presumed that the legislators had undergone such a radical change of mind within four (or five) days as to destroy absolutely the provisions" of the charter making it unlawful to locate or conduct a saloon within the corporate limits of the city of Dallas outside of certain limits described, unless the conflict is irreconcilable. No such conflict, in our opinion, exists, and the provisions of the charter conferring upon the city of Dallas authority to license, tax, and regulate saloons and places where intoxicating liquors are sold, etc., and prohibiting the sale of such liquors and the establishment of such places outside° of certain defined limits, must be considered as having been excepted by the Legislature out of the operation of the general statute, commonly known as the Baskin-McGregor law.

Furthermore, subdivision 29 of article 14 of the city charter declares "that the provisions of this Act, insofar as they may conflict with any State law, shall be held to supersede the State law to that extent, and it shall not be held invalid on account of such conflict." The Baskin-McGregor Act and the Act constituting the charter of the city of Dallas were passed at the same session of the Legislature, and practically at the same time; and treating them as if embraced in one Act, as should be done, the foregoing provision of the charter is an express declaration of the legislative intent, and conclusively shows that no repeal of the charter provisions was intended or should be effected by the Baskin-McGregor law.

We are also of the opinion that the judgment of the County Court in authorizing the issuance by the clerk of the State and county license to appellant is in no sense conclusive of appellant's right to engage in the sale of intoxicating liquor, or to conduct an establishment where such liquor was stored, drank or sold, at No. 568 Ross Avenue. That the sale of intoxicating liquors has or has not been prohibited at the place or within the territory where the applicant proposes to conduct such business is not one of the facts required to be stated in his petition to the County Judge for such license. The County Judge has no jurisdiction to determine such question, and any adjudication of it would be without authority of law, and not binding in a proceeding like this. We therefore hold that the license issued by the county clerk to appellant did not confer upon him the right to sell intoxicating liquors or to conduct a public place or business, in violation of the charter of the city of Dallas and its ordinances prohibiting such sales and business in the city outside of the limits prescribed in said charter and ordinances.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.