## J. H. ANDREWS V. CITY OF BEAUMONT ET AL.

### Decided October 17, 1908.

**1.—Liquor Dealer—City Charter—Saloon Limits.**

A city charter gave to the city council the power to prescribe by ordinance in what portion of the city saloons or other places for retailing intoxicating liquors should and should not be conducted, and to provide a penalty for the violation of such ordinance; under the authority thus conferred the council passed an ordinance prescribing certain territory within the city in which the business of selling intoxicating liquors should not be conducted, providing penalties for a violation of the ordinance, and providing further that the ordinance should not be so construed as to vitiate any valid liquor license then in force within the city. Held, the charter provisions and the ordinance were not in conflict with or repugnant to the general statute known as the "Baskin-McGregor Act," and therefore were not void.

**2.—Statutes, General and Special—Repeal by Implication.**

It is well settled that special legislation or local laws are not repealed by a later general Act unless specially mentioned in the general law, or such purpose is made manifest from the plain provisions of the general law.

**3.—General Statute—City Charter—Delegation of Legislative Power.**

An Act of the Legislature granting to a city the power to fix saloon limits within the city, is not subject to the constitutional objection that it is an attempt on the part of the Legislature to delegate its power to suspend a general law.

**4.—Liquor Dealer—Saloon Limits—City Ordinance.**

The fact that a city ordinance fixing saloon limits permits each licensee in the prohibited territory to continue the sale of liquor until his license expired by its own limitation, did not unreasonably discriminate against those licensees whose license expired sooner than others. And the fact that the dealers in the prohibited territory paid less for their license than those within the saloon limits, did not render the districting ordinance subject to the objection that it imposed unequal taxation, the license fee being fixed by a separate ordinance.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*Teagle & Conley,* for appellant.—The Saloon Districting Ordinance is not in harmony with the Baskin-McGregor Act, but is in conflict therewith, and must give way. Flood v. State, 19 Texas Crim. App., 584; Bonny v. State, 2 S. W., 886; Ex parte Garza, 28 Texas Crim. App., 382; Leach v. State, 34 S. W., 124.

When the city of Beaumont undertook to exercise the power granted in its charter to redistrict the saloon traffic, to wit, on the 23d day of May, A. D. 1907, the Legislature, by the passage of the Baskin-McGregor Act, had already provided for a method and manner of prescribing the limits and portions of the city in which the saloon business should be conducted and carried on. Said passage of the said ordinance, in effect, then suspended, set aside and vacated the right granted under the said general law, and the same is therefore in conflict with section 28, article 1 of Constitution, which provides: "No power of suspending laws in this State shall be exercised except by the Legislature." Ex parte Combs, 38 Texas Crim. Rep., 648; Burton v. Dupree, 19 Texas Civ. App., 275; Arroyo v. State, 69 S. W., 503.

The court erred in rendering judgment against appellant and in refusing said writ of mandamus, for the reason that the said judgment is contrary to the law and the evidence in this, to wit: Said· saloon districting ordinance unjustly discriminates against the relator, and the same is arbitrary and unreasonable. State ex rel. Galle v. City of New Orleans, 67 L. R. A., 70; 23 Cyc., 68, and note 88; Ritchie v. People, 46 Am. St., 315.

The court erred in rendering judgment against the relator and in refusing said writ of mandamus, for the reason that said judgment is contrary to the law and evidence in this, to wit: The said saloon districting ordinance is unconstitutional and void, because the force and effect of same makes an unequal and nonuniform taxation on persons engaging in the same business or occupation. Hoefling v. City of San Antonio, 85 Texas, 228; Adair v. Robinson, 25 S. W., 734; Pullman Co. v. State, 64 Texas, 274.

*Marvin Scurlock* and *Smith, Crawford & Sonfield,* for appellee.— Where the provisions of a general law are repugnant to the provisions of a previously enacted law applicable only in a particular locality, the general law does not repeal the special law unless such repeal is expressed or an implication of such repeal be absolutely necessary, and a general repealing clause is not an express repeal of such special law. Laredo v. Martin, 52 Texas, 561; ex parte Keith, 47 Texas Crim. Rep., 283; ex parte Kimbrell, 47 Texas Crim. Rep., 333; State v. Kessells (Mo.), 96 S. W., 497.

McMEANS, Associate Justice.—Appellant J. H. Andreas applied for a writ of mandamus to compel the appellee City of Beaumont, through its tax collector, T. C. King, to issue to him a license to engage in the occupation of retail liquor dealer at a place without the limits prescribed by the city council of the city of Beaumont wherein saloons and grog-shops could be conducted, which said limits were prescribed by ordinance under and by virtue of express power conferred upon the city council of the city of Beaumont by special charter granted by the Twenty-ninth Legislature.

Appellant alleged compliance by him with all the requirements of what is popularly known as the Baskin-McGregor Act, passed by the Thirtieth Legislature, regulating the sale of intoxicating liquors; the procurement by him of State and county license to carry on the business of retail liquor dealer without said limits; the refusal of T. C. King, the city tax collector, to issue him a license to conduct a retail liquor business without said limits, upon tender of the amount of occupation tax assessed by the city council; and attacked the ordinance in question as being void because in conflict with the Baskin-McGregor Act.

He further alleged, in effect, that the city council of the city of Beaumont, by an ordinance adopted May 7, 1907, levied an annual occupation tax of $150 on the occupation of retailing spirituous and vinous liquors in said city, which ordinance was amended July 19, 1907, wherein, in conformity to the Baskin-McGregor Act, the levy was increased to $187.50; that the saloon districting ordinance specially excepted from

its provisions the increase of occupation taxes upon all persons engaged in such business without the district, there being several persons thus engaged, and as to them the annual occupation tax of $150 remained, and that the ordinance is therefore unconstitutional and void because the force and effect of same results in unequal and nonuniform taxation on persons engaged in the same occupation.

He further alleged, in substance, that, under the terms of said ordinance, all licenses held by persons engaged in the saloon business without the district, which were in force when the ordinance went into effect, were not affected thereby, and were specially excepted therefrom; that there were two such licenses other than his in force when the ordinance was adopted, one of which would not expire until January, 1908, and the other not until May, 1908 (appellant's license expired August 6, 1907), and that by the terms of said ordinance the anomaly is presented of permitting two retail liquor dealers to conduct and operate saloons without the saloon limits for six and ten months respectively after his license had expired, and his right to conduct his business without the district had been denied him, and for this reason the ordinance discriminates against him, is arbitrary, unreasonable and void.

The facts alleged in the application were substantially proved. The court, after hearing the evidence, entered judgment refusing to grant the mandamus prayed for, and from that judgment appellant has prosecuted this appeal.

The charter of the city of Beaumont, granted by the Twenty-ninth Legislature (Special Laws 1905, page 435), provides that "The city council shall have the right, by ordinance, to prescribe in what portion of the city of Beaumont saloons, grog-shops or other places for retailing intoxicating liquors shall not be conducted, and provide penalties for violation of such ordinance; provided the city shall not have the right to prohibit such business in the whole city."

In pursuance of the authority thus conferred by the charter, the city council of the city of Beaumont passed an ordinance prescribing certain territory within the city in which the business of selling intoxicating liquors should not be conducted, providing penalties for violations thereof, and providing further that the ordinance "should not be so construed as to affect, violate or vitiate any valid liquor or beer license issued by any Federal, State, county or municipal authorities now in force within the limits of the city." Appellant, at the time of the adoption of the ordinance, was engaged in the business of retail liquor dealer within the territory in which such traffic was prohibited, as were two other persons, and their business was not interfered with during the life of the licenses held by them, nor attempted to be interfered with; and appellant continued in the business of selling liquors until his license expired on the 6th day of August, 1907, when, as before stated, he complied with all the requirements of the Baskin-McGregor Act, tendered to the city the amount levied by the city as an annual occupation tax on such business, demanded of the tax collector a license to further carry on his business within the district in which it was prohibited, and the license was refused him.

The Baskin-McGregor Act provides that the place of business of a person desiring a license as a retail liquor dealer or malt liquor dealer

shall be described in his application with reasonable certainty, and "if the place of business be in any block or square in any city or town where there are more *bona fide* residences than there are business houses in said block or square, or in any block where there is a church or a school, then the petition shall be accompanied with the written consent of a majority of *bona fide* householders of the residences in said block or square."

Appellant contends that the charter provisions above quoted and the ordinance referred to are in conflict with and repugnant to the Baskin-McGregor Act, and especially to the section quoted. We can not so hold. Williams v. State, 52 Texas Crim. Rep., 371, was an appeal from a fine imposed for retailing liquors within the limits of territory prescribed by the charter of the city of Dallas in which the sale of liquors was prohibited. In that case, as in this, it was claimed that the charter and ordinance were contrary to the Baskin-McGregor Act, and therefore void. Judge Brooks, speaking for the Court of Criminal Appeals, says: "We hold not. It is a well-known rule of statutory construction that, where two statutes can be given a construction to uphold both it must be done, and we take it that the language clearly imports that, before one can get a license for the retail sale of whisky in any block where there are more *bona fide* residences than business houses, he must secure the consent of the majority of the *bona fide* householders. This in no sense conflicts with the saloon limit law embodied in the charter of the city of Dallas; . . . and further, it has been one unbroken policy of this State, where local option does not prevail, to license the retail sale of whisky as well as the wholesale of intoxicating liquors; that the Baskin-McGregor bill is simply a continuation of the policy existing in this State almost since its earliest history; that there was no attempt on the part of the Legislature, in adopting said bill or law, to interfere with the pre-existing condition in cities and towns in this State with reference to saloon limit laws, and the Baskin-McGregor bill, being a general law, would not repeal by implication the pre-existing special law, to wit: The city charter of the city of Dallas, under a provision of which special law saloon limits are established."

It is true that the saloon limits were fixed by the charter granted by the Legislature to the city of Dallas, while only the power to fix by ordinance such limits were conferred upon the city council of the city of Beaumont, but we can not see that this difference affects in any way the question now under discussion. Ex parte King, 52 Texas Crim. Rep., 383, was a case in which the relator was arrested by virtue of a warrant issued on a complaint charging him with a violation of the city ordinance of the city of Fort Worth, which prohibited the conducting of saloons without the limits prescribed by the Board of Commissioners of the city of Fort Worth, acting under a special charter which in terms authorized the Commissioners, and made it their duty, to fix saloon limits within said city. In that case it was contended, as in this, that the power conferred by the charter upon the Commissioners to fix saloon limits was repealed and superseded by the subsequent Act known as the Baskin-McGregor Liquor Law. Judge Ramsey, rendering the opinion of the Court of Criminal Appeals, in overruling this contention, says:

"The contention and claim of relator that the provisions of the special charter of Fort Worth authorizing the fixing of saloon limits were repealed and superseded by what is known as the Baskin-McGregor bill was passed on, in effect, in the case of Williams v. State, this day decided, in which the question was carefully considered and elaborately treated in the opinion of the court in that case.  The opinion . . . is believed to be both well reasoned and well sustained by authority."

Paul v. State, 106 S. W., 448, quoted with approval in State v. Williams, *supra,* was an appeal from a judgment enjoining the defendant from selling liquors without the territory prescribed by the charter of the city of Dallas, in which the saloon business might be conducted.  In that case it was also contended that the provisions of the charter were inconsistent with the general or Baskin-McGregor law, and therefore the charter provisions must yield to the general Act.  Justice Talbot, of the Court of Civil Appeals of the Fifth District, speaking for the court, says:

"We can not agree with this construction of the law.  It is well settled that special legislation or local laws are not repealed by a later general Act unless specially mentioned in the general law or such purpose is made manifest from the plain provisions of the general law.  (Ex parte Neal, 47 Texas Crim. Rep., 441; State v. Connor, 86 Texas, 133; Ellis v. Batts, 26 Texas, 703; 26 Am. & Eng. Ency. of Law (2d ed.), p. 739, and note 3.)  In the authority last cited, after stating the rule substantially as we have above, though more elaborately, it is said: 'The reason which has been given for this rule is that, in passing a special Act, the Legislature has its attention directed to the special case which the Act was made to meet, and considers and provides for all the circumstances of that special case, and, having done so, it is not to be considered that the Legislature, by a subsequent general enactment intended to derogate from the special provisions previously made, when it was not mentioned in such enactment.'  (Fitzgerald v. Champneys, 2 Johns & H., 54.)  There is no mention made in the Baskin-McGregor law of the Act granting the Dallas charter, nor to any of its provisions.  If, therefore, the Baskin-McGregor Act effects a repeal of any of the provisions of said charter, it is by implication, and not by expression.  In his work on Statutory Construction (section 157) Mr. Sutherland says: 'It is a principle that a general statute, without negative words, will not repeal by implication from their repugnancy the provisions of a former one which is special or local, unless there is something in the general law or in the course of legislation upon its subject-matter that makes it manifest that the Legislature contemplated and intended a repeal.'  Mr. Black, on this subject, says: 'When the provisions of a general law applicable to the entire State are repugnant to the provisions of á previously enacted special law applicable in a particular locality only, the passage of such general law does not operate to modify or repeal the special law, either wholly or in part, unless such modification or repeal is provided for in express words or arises by necessary implication.  A local statute enacted for a particular municipality, for reasons satisfactory to the Legislature, is intended to be exceptional, and for the benefit of such municipality.  It has been said that it is

against reason to suppose that the Legislature, in framing a general system for the State, intended to repeal a special Act which the local circumstances made necessary.' (Black, Interp. Laws, 116.) It is also a well-established rule that, 'when a general intention is expressed, and also a particular intention which is incompatible with the general one, the particular intention shall be considered as an exception to the general one.' In such cases full effect may be given to the general law beyond the scope of the local or special law, and by allowing the latter to operate according to its special purposes and aims the two Acts can stand together. The application of these principles seems clear. If it be admitted, which is not done, that the provisions of the Baskin-McGregor Act and the provisions of the charter of the city of Dallas relating to the subject-matter of this controversy, are repugnant to each other, yet we see nothing in the former Act or in the course of legislation touching such provisions that renders it manifest that the Legislature contemplated and intended a repeal. The Baskin-McGregor law is intended as a general system for the State in dealing with the whisky traffic, whereas the provisions of the Act constituting the charter of the city of Dallas, and relating to the same subject, are local laws in their operation and enactment for the benefit of said city, which local conditions and experience dictated were necessary. . . . No such conflict in our opinion exists, and the provisions of the charter conferring upon the city of Dallas authority to license, tax and regulate saloons and places where intoxicating liquors are sold, etc., and prohibiting the sale of such liquors and the establishment of such places outside of certain defined limits, must be considered as having been excepted by the Legislature out of the operation of the general statute commonly known as the Baskin-McGregor Law." See, also, Garonzik v. State, 50 Texas Crim. Rep., 533.

Appellant further contends that the grant of power in the charter of the city of Beaumont to enact the saloon limit ordinance was an attempt on the part of the Legislature to delegate its power to suspend a general law, which, under the Constitution, it could not do; that, therefore, that provision of the charter, and the ordinance passed under its authority, were unconstitutional and void.

This question was fairly presented for the consideration of the Court of Criminal Appeals in Ex parte King, supra, and in passing upon the point Judge Ramsey says: "The Legislature of this State is authorized to empower city councils by special charter to prescribe the boundaries and limits within which the sale of liquor shall be prohibited by law, and such local authorities may define and limit the area within which alone such sale may be lawful. This was distinctly ruled in the case of Cohen v. Rice, 101 S. W., 1052, by the Court of Civil Appeals of the Fifth Supreme Judicial District, in which case writ of error was refused by our Supreme Court. This is in accord with and is well sustained by authorities. 1 Abbott on Municipal Corporations, sec. 130; People v. Cregier, 138 Ill., 401; 28 N. E., 812; Mayor of Valverde v. Shattuck, 19 Col., 104; 34 Pac., 947." This decision is by a court having jurisdiction over cases arising out of a violation of the ordinance under consideration, and not only meets our approval, but is by a court of final

jurisdiction in such cases, and binding on us.   The assignments of error raising the question are overruled.

Appellant attacks the ordinance on the further ground that, inasmuch as by its terms it did not interfere with two other persons who were also engaged in the saloon business without saloon limits, for the period of six and ten months respectively after the adoption of the ordinance, while he was denied the right to continue the business after a little less than three months after the ordinance was passed, at which time his license expired, was such unjust and unreasonable discrimination against him as to render the ordinance void.

The facts disclose that, at the time of the adoption of the ordinance, appellant and two others were conducting saloons in the territory without the prescribed limits under licenses theretofore procured.   The ordinance expressly undertook to protect alike all persons who, in good faith, had paid for and obtained license to conduct saloons without the limits, in order to avoid a forfeiture.   No license has been issued to any person to sell without the limits since the ordinance went into effect. The ordinance applied to and affected all those not in the saloon limits alike in that it permitted each to carry on his business as long as the license permitted him to do so.   When appellant's license expired he was bound to quit; when the licenses held by the two others expire they are bound to quit; and the fact that the ordinance, instead of working a forfeiture of the license, as it probably could have done, permits each licensee to continue his business until his license expired by its own limitation, does not unreasonably discriminate against appellant because his happened to expire first.   Commonwealth v. Petri (Ky.), 90 S. W., 987.   The assignment presenting the point is overruled.

It is complained in the fourth assignment of error that the provision of the ordinance permitted dealers without the prescribed limits to continue their business until the expiration of their respective licenses results in unequal and nonuniform taxation, because such dealer had paid $150 occupation tax, while dealers within the saloon limits, under an amendment passed after the districting ordinance was adopted, were required to pay an occupation tax of $187.50, so that those who were without the district were operating under a license which required the payment of a less amount than those operating within the limits; that, therefore, the ordinance was unconstitutional and void.   The contention is without merit.   Even if, under the facts stated, inequality of taxation resulted, it in no wise affected the validity of the saloon districting ordinance, but of the amended occupation tax ordinance only. The districting ordinance does not levy an occupation tax, and is entirely separate and distinct from the amended ordinance levying the tax.   The assignment is overruled.

The record discloses no reversible error, and the judgment of the court below is affirmed.

*Affirmed.*