HALL et al. v. TROTTER et al.

(Court of Civil Appeals of Texas. Austin. Nov. 12, 1913.)

SCHOOLS AND SCHOOL DISTRICTS (§ 97*) — BONDS—ELECTION—SPECIAL LAWS.

Rev. St. 1911, art. 2856, part of Act Feb. 18, 1909 (Acts 31st Leg. c. 12, § 154a), provides that all school districts previously provided for by special act are placed under the general laws relating to incorporated school districts, and all provisions of any and all such special acts in conflict with the general laws are repealed, except in so far as those acts relate to boundaries established by the acts incorporating such districts, and that all incorporated districts having fewer than 150 scholastics shall be governed in the general administration of their schools by the laws applicable to common school districts, etc. By Act March 16, 1909 (Sp. Laws 31st Leg. c. 62), passed at a later day of the same session, the Water Valley independent school district was created, containing less than 150 scholastics, and this act provided that the board of trustees of the district should be authorized to order an election for the issuance of school bonds and, in pursuance of a favorable result, to levy and collect a special tax for school buildings, equipment, etc. *Held*, that the latter act was a special law controlling the district created, and hence that a bond election was properly ordered by the board of trustees of that district and held by a manager appointed by that board instead of by the county judge or superintendent of schools, as required by the general law.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 224–232; Dec. Dig. § 97.*]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Suit by J. E. Hall and others against H. G. Trotter and others to contest a school district bond election. Judgment for defendants, and plaintiffs appeal. Affirmed.

Bell & Upton and Blanks, Collins & Jackson, all of San Angelo, for appellants. Thomas & McCarty, of San Angelo, for appellees.

KEY, C. J. April 29, 1913, a bond election was held in the Water Valley independent school district in Tom Green county and resulted in favor of the issuance of bonds for the purpose of building a schoolhouse in that district. Thereafter J. E. Hall and others instituted this proceeding contesting the election. The district court decided the contest in favor of the contestees and upheld the validity of the election, and the contestants have appealed.

But one question is presented for decision, and that is embraced in appellants' contention that the election was illegal and void because it was ordered by the board of trustees of the school district referred to, and was held by a manager appointed by that board, and was not ordered by the county judge or superintendent of schools nor held by a manager appointed by him. In other words, the undisputed facts show that at the time of the creation of the Water Valley independent school district, and at the time of the election in question, there was less than 150 scholastics in that district; and therefore it is contended on behalf of appellants that on account of that fact, by the terms and force of article 2856 of the Revised Statutes of 1911, the school district in question was subject to and controlled by the provisions of the statute regulating and controlling common school districts, and therefore the county judge or county superintendent of education should have ordered the election and appointed the manager thereof, and the board of trustees had no authority to do either. The article referred to reads as follows: "All school districts, heretofore provided for by special act of the Legislature, are placed under the general laws re-

lating to incorporated school districts, and all provisions of any and all such special acts in conflict with the general laws are hereby specifically repealed, except in so far as those acts relate to the boundaries established by the acts incorporating such districts. All incorporated districts, having each fewer than one hundred and fifty scholastics according to the latest census, shall be governed in the general administration of their schools by the laws which apply to common school districts; and all funds of such districts shall be kept in the county depositories and paid out on order of the trustees approved by the county superintendent." That article is part of section 154a of an act passed by the Thirty-First Legislature (chapter 12) for the purpose of putting into effect certain constitutional amendments relating to school districts and school funds; and it was approved by the Governor and went into effect on the 18th day of February, 1909. The special law creating the Water Valley independent school district was enacted by the same Legislature (Sp. Laws 31st Leg. c. 62) and was approved by the Governor on the 16th day of March, 1909. By the terms of sections 17 and 18 of the latter act, the board of trustees of that district is specifically authorized and empowered to order an election and, in pursuance of a favorable result thereof, levy and collect a special tax for the purpose of purchasing or constructing public free school buildings and sites therefor within that district and for equipping and furnishing the same.

Counsel for appellants urge the contention that, inasmuch as the district contained less than 150 scholastics, that portion of that statute was repealed or held in abeyance by force of article 2856, which prescribes that "all incorporated districts having each fewer than 150 scholastics according to the latest census shall be governed in the general administration of their schools by the laws which apply to common school districts." And the further contention is made that, as that statute and the one creating the school district in question and conferring power upon the trustees to order such an election were enacted at the same session of the Legislature, they should be construed together, and the provision just quoted should be held to constitute a limitation upon the the other act conferring powers upon the trustees of that particular district to order such elections, etc.

Counsel for appellees present two contentions, which are: First, that the language of article 2856, "shall be governed in the general administration of their schools by the laws which apply to common school districts," was not intended to apply to and control in the matter of procuring funds for the purpose of building schoolhouses, etc.; and, second, that, if it was intended for that purpose, then inasmuch as the act creating the school district in question, and specifically conferring the power to order such elections upon the board of trustees, was a special law enacted at a later day, though at the same session, the latter, being in conflict with the former, should control. There is much plausibility in the first contention urged on behalf of appellees, because, if it be adopted, then both statutes can be harmonized and given effect, while on the other hand, if appellants' contention be adopted, and the language, "shall be governed in the general administration of their schools," be held to include the erection of school buildings, and such other steps as are necessary to provide means for that purpose, then it is in direct conflict with the provisions of the other act, which expressly authorize the board of trustees to regulate and control such matters. In other words, if the matter of holding the election and issuing the bonds in question is a special affair and no part of the general administration of the schools in that district, then there is no conflict between the two statutes, and article 2856 has no application. But, if that construction be unsound, we are of opinion that appellees' other contention is correct, which is embraced in the general proposition of law that, where there is an irreconcilable conflict between the provisions of two acts passed at the same session of the Legislature, the latter enactment will, as a general rule, control. And also that when conflict exists between a special and general provision, whether found in the same statute or in different statutes enacted at the same session of the Legislature, the special provision will control. Sutherland, Stat. Const. (2d Ed.) pp. 513, 514, 526 to 530, and 535 to 538, inclusive; 36 Cyc. 1090 to 1093; Paul v. State, 48 Tex. Civ. App. 25, 106 S. W. 448; Andreas v. City of Beaumont, 113 S. W. 615; State v. Chariton Drainage Dist. (Mo.) 158 S. W. 638.

A standard authority gives the reason for the rule which holds that a special law will control a general law in the following language: "The reason that has been given for this rule is that in passing a special act the Legislature has its attention directed to the special case which the act was made to meet and considers and provides for all the circumstances of that special case; and, having done so, it is not to be considered that the Legislature by a subsequent general enactment intended to derogate from the special provision previously made, when it was not mentioned in such enactment." 26 Am. & Eng. Ency. Law (2d Ed.) 739, note 3.

In Paul v. State, supra, it was held that, on account of the rule referred to, a special law was not repealed by the subsequent enactment of a general law relating to the same subject; and for a stronger reason, it seems to us, it ought to be held that, when such special law is enacted subsequent to the enactment of the general law, the special law should control.

As shown by his findings of fact and conclusions of law, it was upon this basis and for this reason that the learned trial judge decided against the contestants and upheld the validity of the election in question; and we think his decision was eminently correct, and therefore the judgment appealed from is affirmed.

Affirmed.