OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GERALD C. MANN
Attorney General

Honorable E. G. Garvey
County Auditor
Bexar County
San Antonio, Texas

*Supielded by Act 292 VCS*

Dear Sir:

Opinion No. 2600
Re:  Road and Bridge Law for
Bexar County, Texas

This will acknowledge receipt of your letter of August 5, 1940, requesting the opinion of this department as to the proper road and bridge law applicable to Bexar County, Texas, in view of the 1940 Federal census placing the population of the county at 337,557.

In 1931 the Regular Session of the 42nd Legislature enacted Senate Bill 575, Acts 1931, Special Laws, p. 259, ch. 137, a special road and bridge law for Bexar County, Texas, only.  In 1933 at the Regular Session of the 43rd Legislature, that body enacted House Bill 911, Acts 1933, General Laws, p. 805, ch. 236.  This latter law was a general one, whereas the former was special, and it applied to all counties in the state having a population between 300,000 and 350,000 inhabitants, according to the last preceding Federal census.  Dallas County was the only one in the state falling within the provisions of this enactment at the time of its passage.

The question here presented for consideration is whether or not House Bill 911 of the 43rd Legislature, insofar as Bexar County is concerned. The last enactment, House Bill 911, is undoubtedly a general law; the prior enactment, Senate Bill 575, is most assuredly a special or local one.  Which must prevail?

In Black on Construction and Interpretation of the Law, p. 116 the rule is stated as follows:

"As a corollary from the doctrine that implied repeals are not favored, it has come to be an established rule in the construction of statutes that a subsequent act, treating a subject in general terms, and not expressly contradicting the provisions of a prior special statute, is not to be considered as intended to affect the more particular and specific provisions of the earlier act, unless it is absolutely necessary so to construe it in order to give its words any meaning at all. This rule is founded upon, or expressed by, the maxim 'Generalia specialibus non derogant,' Thus, when the provisions of a general law, applicable to the entire state are repugnant to the provisions of a previously enacted special law, applicable in a particular locality only, the passage of such general law does not operate to modify or repeal the special law, either wholly or in part, unless such modification or repeal is provided for in express words."

This is also the established rule in Texas. As stated in Paul vs. Bates (C.C.A. 1907) 106 S. W. 448:

"It is well settled that special legislation or local laws are not repealed by a later general act, unless specially mentioned in the general law or such purpose is made manifest from the plain provisions of the general law. Ex Parte Neal (Tex. Cr. App.) 83 S.W. 831; State vs. Connor, 86 Tex. 133, 23 S. W. 1103; Ellis vs. Batts, 26 Tex. 703; 26 Am. & Eng. Enc. of Law (2d Ed.) p. 730, and note 3. In the authority last cited after stating the rule substantially as we have above, though more elaborately, it is said: 'The reason which has been given for this rule is that in passing a special act the Legislature has its attention directed to the special case which the act was made to meet, and considers and provides for all the circumstances of that special case, and, having done so, it is not to be considered that the Legislature by a subsequent general enactment intended to derogate from the special provisions previously made, when it was not mentioned in such enactment'."

Again in Sullivan vs. City of Galveston, 17 S. W. (2d) 478, affirmed, Com. App., 34 S. W. (2d) 808, the court stated:

"It is well settled that a special law passed by the Legislature is not repealed by an act subsequently passed by another Legislature unless the first is expressly repealed by the subsequent act, or unless it is made clearly to appear from the subsequent act that it was the intended intention of the Legislature to repeal the first."

In Townsend vs. Terrell, 118 Tex. 463, 16 S. W. (2d) 1063, the Commission of Appeals reaffirmed the rule and stated:

This rule of construction has found frequent and apt illustration where one of the supposedly conflictly statutes was general in its terms and the other specific. In such a case it is universally held that the specific statute more clearly evidences the intention of the Legislature than the general one, and therefore that it will control. In such a case both statutes are permitted to stand--the general one applicable to all cases except the particular one embraced in the specific statute." (Underscoring ours).

See also Ellis vs. Batts, 26 Tex. 703; City of Laredo vs. Martin, 52 Tex. 548; Burkhart vs. Brazos River Harbor Navigation District (C.C.A. 1931) 42 S. W. (2d) 96; 39 Tex. Juris. 149.

The rule is peculiarly fitting in the instant case. In 1933 when the Legislature enacted House Bill 911 Bexar County could not have been within the legislative mind nor could House Bill 911 in anywise supersede Senate Bill 575 for the very patent reason that Bexar County at the time, according th the 1930 Federal census, was not within the population brackets set forth in House Bill 911.

Honorable K. O. Garvey, Page 3

provisions previously made, when it was not mentioned in such enactment'."

Again in Sullivan vs. City of Galveston, 17 S. W. (2d) 478, affirmed, Com. App., 34 S. W. (2d) 808, the court stated:

"It is well settled that a special law passed by the Legislature is not repealed by an act subsequently passed by another Legislature unless the first is expressly repealed by the subsequent act, or unless it is made clearly to appear from the subsequent act that it was the intended intention of the Legislature to repeal the first."

In Towsend vs. Terrell, 118 Tex. 463, 16 S. W. (2d) 1063, the Commission of Appeals reaffirmed the rule and stated:

"This rule of construction has found frequent and apt illustration where one of the supposedly conflictly statutes was general in its terms and the other specific. In such a case it is universally held that the specific statute more clearly evidences the intention of the Legislature than the general one, and therefore that it will control. In such a case both statutes are permitted to stand--the general one applicable to all cases except the particular one embraced in the specific statute." (Underscoring ours)

See also Ellis vs. Batts, 26 Tex. 703; City of Laredo vs. Martin, 52 Tex. 548; Burkhart vs. Brazos River Harbor Navigation District (C. C. A. 1931) 42 S. W. (2d) 96; 39 Tex. Juris. 149.

The rule is peculiarly fitting in the instant case. In 1933 when the Legislature enacted House Bill 911 Bexar County could not have been within the legislative mind nor could House Bill 911 in anywise supersede Senate Bill 575 for the very patent reason that Bexar County at the time, according to the 1930 Federal census, was not within the population brackets set forth in House Bill 911.

Certainly the legislative intent to repeal or supersede Senate Bill 575 was not in existence at the time of the enactment of House Bill 911. Is it plausible to say that seven years after the enactment of the general law it for the first time supersedes or repeals by implication a previously existing special law? We think not.

Consequently, it is the opinion of this department and you are respectfully advised that Senate Bill 575, the Bexar County Road and Bridge Law, enacted by the Legislature in 1931, is still the road and bridge law applicable to Bexar County, Texas, and this enactment has not been superseded or affected (because of recently announced population figures) by House Bill 911 enacted by the 43rd Legislature, 1933.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ James D. Smullen

By

James D. Smullen
Assistant

APPROVED AUGUST 19, 1940
s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
By RWF, Chairman

JDS:JM/cg