### WILL GARONZIK v. THE STATE.

#### No. 3517.   Decided December 19, 1906.

**1.—Saloon—Charter and City Ordinance—Constitutional Law—Occupation Tax.**

Where upon trial of unlawfully locating and maintaining a saloon in a city with a special charter prohibiting the same to be located outside of certain limits in said city, the evidence showed that the defendant had an occupation tax license from the State and county. Held, that said charter was not in contravention of the general occupation tax laws, and was not an unconstitutional delegation of legislative authority.

**2.—Sale of Liquors in Incorporated City—Prohibition.**

The designation of localities within a city under a special charter where the sale of intoxicating liquor is inhibited is not prohibition but regulation of the sale, and such city may make reasonable regulations as to where within its limits the sale of liquor may occur; although a general and entire prohibition would be unauthorized.

**3.—Same—City Council—Sale of Intoxicants—Exceptions.**

A special charter of a city which authorized the city council to prohibit the sale of intoxicating liquors to be drunk on the premises outside of certain limits in such city, was not void because it inhibited said council from passing a law prohibiting the sale of intoxicants upon land owned by the city.

**4.—Same—Boundaries—Complaint—Indefinite Description—Question of Fact.**

Where upon a trial for unlawfully establishing and maintaining a saloon in a city limiting such saloons to a certain territory by virtue of a special charter, the objection was raised that the boundaries of such territory set out in the charter, were too indefinite and the lines and calls thereof did not close. Held, that this was a question of fact, and there being no evidence that said calls did not close said objection was untenable.

Appeal from the County Court of Dallas. Tried below before the Hon. Hiram F. Lively.

Appeal from a conviction of unlawfully maintaining a saloon in a city, outside of the authorized limits; penalty, a fine of $125.

The opinion states the case.

*Lemmon & Lively,* for appellant—On question of charter in contravention of general occupation tax law: Ex parte Ogden, 4 Texas Ct. Rep., 389; Ex parte Powell, 3 Texas Ct. Rep., 940; Arroyo v. State,

5 Texas Ct. Rep., 571; Fay v. State, 6 Texas Ct. Rep., 483; San Antonio R. R. Co. v. Lester, 13 Texas Ct. Rep., 813; Burton v. Depree, 46 S. W. Rep., 272; Ex parte Ginnochio, 30 Texas Crim. App., 584; Ex parte Sumdstrom, 25 Texas Crim. App., 133; Bohmy v. State, 21 Texas Crim. App., 597; Flood v. State, 19 Texas Crim. App., 584; Augerhoffer v. State, 15 Texas Crim. App., 613; Jannin v. State, 2 Texas Ct. Rep., 330.

*J. E. Yantis,* Assistant Attorney-General, for the State.—Ex parte Levine, 46 Texas Crim. Rep., 364.

BROOKS, JUDGE.—Complaint was filed in the corporation court, City of Dallas, Dallas County, charging appellant with establishing, maintaining and locating a saloon, being a place where intoxicating liquors were sold to be drunk on the premises, to wit: on the corner of Young and Santa Fe Avenue, in the City of Dallas; and that said saloon was located outside of a certain boundary, which constitutes the limits inside of which a saloon can be maintained, established and located, and outside said limits the same was forbidden under the ordinance passed by the city council of Dallas, by virtue of article 108 of the charter of said city. Upon conviction in the city court, appellant was fined $100; and the case was appealed and upon a trial in the county court he was again found guilty, and his punishment assessed at a fine of $125.

Appellant filed a motion to quash the complaint on the ground, that the ordinance passed by the city council of Dallas, upon which this prosecution is based is unconstitutional, for the reason that the authority of the city council to pass the same is delegated by the Legislature, and contravenes article 1, section 28, of the Constitution, in that the authority delegated and attempted to be enforced by said ordinance, results in the suspension of the State law, to wit: article 5060a, Revised Civil Statutes, which is the occupation tax law for selling spirituous liquors. The record shows that appellant had an occupation tax receipt or license from the State and county under said article to conduct said business at said place; and appellant insists that article 108 of the city charter attempts to delegate to the municipal council of the City of Dallas, the power and authority to prohibit the sale of liquor at said place, and is in contravention of the general occupation tax law on said subject, which makes it the duty of its officers to collect from every person, firm, etc., selling spirituous, vinous or malt liquors, etc., capable of producing intoxication in this State, not located in any county where local option is in force, an annual tax, etc. That defendant's place of business, as stated, being in Dallas County and city, was not under the local option law.

We do not think the act is unconstitutional. We held that a similar ordinance was constitutional in Levine v. State, 46 Texas Crim. Rep., 373. However, appellant insists that that authority is not con-

clusive, since the commission question was the paramount issue discussed, and that the authorities cited do not support the opinion of the court. It is clearly laid down in Black on Intoxicating Liquors, section 227, that under the power to restrain intoxication, and provide for the good order of the city, the sale of liquors on particular days or at particular places, may be forbidden, although a general and entire prohibition would be unauthorized. Again in section 234, it is stated, that the city may make reasonable regulations as to where the sale of liquor may occur; that is, within what parts, districts, or precincts of the city. See also Cooley's Const Lim., p. 745. The designation of localities where the sale of intoxicating liquor is inhibited is not prohibition but regulation of the sale. If the city pass an ordinance absolutely prohibiting the sale of whisky in the City of Dallas, this would be in contravention of the State law, which authorizes its sale. We take it, that this question is placed beyond dispute by the charter of the City of Dallas itself. By section 108 of the charter, the city is authorized to prohibit the location of saloons, being places where intoxicating liquors are sold to be drunk on the premises, and to make it unlawful under proper penalty, to establish, maintain or locate any saloon in all that territory within the corporate limits of the City of Dallas, as now hereinafter established (except that which is now owned or which may be hereafter owned by the City of Dallas in fee simple) lying and being outside the district bounded by the following named railroad tracks and streets, not to include, however, in said prohibited limits the frontage on either side of the streets hereafter named as constituting the boundary of said prescribed limits. Then follows the boundaries covering a page of the charter; and also providing that the city council shall enforce the provisions of this section by suitable penalties. Here we have an explicit delegation of the authority by the Legislature to the City of Dallas to pass a penal ordinance against selling whisky in the designated district, which district as stated is designated in the charter itself. We take it, that this removes the question from any possible cavil. Accordingly, we hold that the ordinance in question is entirely constitutional and in strict accord with the provisions of the charter on which it is based.

Nor do we think that the charter provision is void, as appellant insists, because it inhibits the city council of Dallas, from passing a law prohibiting the sale of intoxicants upon land owned by the city.

Appellant further insists that the complaint is defective, because the boundaries are indefinite, meaningless and void, and does not embrace the territory intended to be embraced, and does not embrace any given territory, and because said lines and calls set out in said charter ordinance do not close. This is not a question of law, but one of fact. We cannot tell from the calls in the boundaries, whether this be true or not. If it was true, then the evidence should have disclosed. The record here before us shows that appellant ran the

saloon in violation of the ordinance, within said inhibited district. This being true, and there being no evidence before us that calls do not close, it follows that we have nothing upon which to base the conclusion that they do not close. Casey v. State, 1 Texas Ct. Rep., 271, and Matkins v. State, 2 Texas Ct. Rep., 573.

We do not think appellant's insistence that both sides of all the streets and railroads mentioned as constituting said boundary, are exempted by the language of the act. The language is somewhat vague, but when construed in connection with the entire section makes it reasonably apparent as to the intent of the Legislature.

Finding no error in this record authorizing a reversal, the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled March 13, 1907, without written opinion.—Reporter.]