*Reversed and remanded.*

---

## T. P. WILLIAMS V. THE STATE.

### No. 4052. Decided January 22, 1908.

**1.—Unlawfully Conducting Saloon in Incorporated City—City Charter and Ordinance—Complaint—Constitutional Law.**

It is within the sound discretion of the Legislature to prescribe limits in cities and towns within which saloons may be conducted and outside of which saloons may be prohibited. This is regulation and not prohibition.

**2.—Same—Constitutional Law—Fourteenth Amendment.**

A city charter granted by an act of the Legislature, and ordinance thereunder, establishing saloon territory in certain prescribed limits of the city, and exempting certain territory from said saloon limit boundary, and inhibiting the sale of intoxicating liquors outside of said limits in certain parts of the city, is not a discrimination within the letter or spirit of the Constitution of this State or of the United States.

**3.—Same—Special and General Legislation.**

The Act of the Thirtieth Legislature, page 258, section 10, providing how saloons shall be established in residence portions of a city, is not in conflict with the charter of a city obtained from the Legislature, which limits saloons to certain portions of the city, and which gives the city authorities power to suspend said charter provisions and ordinances thereunder in certain territory in said city, and prescribes the manner in which license for the sale of intoxicating liquors may be obtained.

**4.—Same—Boundaries—Saloon Limits—Description of Offense—Complaint.**

Where upon trial for unlawfully selling liquor outside of certain city saloon limits, under a special charter and ordinance thereunder, where the boundaries of

the saloon limits in said city were sufficiently certain to establish and identify said territory, the fact that certain other portions of the city were not included within such limits in the ordinance thereunder would not invalidate the complaint, as such exemptions need not be alleged; nor was the ordinance and charter invalid because it did not inhibit the sale of whisky in certain portions of the city not included in the saloon limits but authorized the same under certain. conditions, and inhibited altogether the sale of intoxicating liquors in yet another portion of the city.

**5.—Same—Repeal by Implication—Special and General Laws.**

In order that one statute shall repeal another by implication, there must be an irreconcilable conflict between the two laws, and the Act of the Thirtieth Legislature, 1907, known as the Baskin-McGregor Bill, did not repeal or interfere with a special city charter by which saloon limits are established.

**6.—Same—State and City License—Sale of Intoxicating Liquor.**

In a prosecution for selling intoxicating liquor outside of certain saloon limits, which limits were established by the city charter and ordinances thereunder, by virtue of a special charter from the Legislature, it was no defense that the defendant had a license from the State of Texas to conduct and carry on the business of a retail liquor dealer; nor did the repealing clause in said charter relative to the incorporation of the city, which exempted certain claims and demands, have any application to defendant's case.

Appeal from the County Court of Dallas at Law. Tried below before the Hon. W. M. Holland.

Appeal from a conviction of violating the city ordinance in conducting a saloon outside of the saloon limits in said city; penalty, a fine of $105.

The opinion states the case.

*Finley, Knight & Harris,* and *Barry Miller,* and *J. J. Eckford,* and *T. P. Williams,* for appellant.—Because the court erred in not sustaining appellant's motion to quash said complaint upon the following grounds, to wit: Because said ordinance and charter provisions of the City of Dallas upon which said complaint is based are contrary to section 20, article 16, of the Constitution of the State of Texas, in that said ordinance attempts to prohibit by legislative enactment the sale of intoxicating liquors in a portion of the city and to subdivide a city as to prohibition territory contrary to the laws of the State of Texas and the Constitution of the State of Texas.

Under this assignment the appellant submits the proposition that this provision of the Constitution is the exclusive method of effecting prohibition in a specified territory of the State and the law governing a local option election was not observed in that

(a) There was no election held by the qualified voters within the specified territory. Const. Texas 1876, art. 16, sec. 20; Revised Civil Statutes, art. 3384 et seq.; Hunt v. State, 3 S. W. Rep., 455.

This and the Holly case hold constitutional provisions to be mandatory.

(b) And the territory defined in the charter was not a political subdivision of a county, town or city, but a part of a city. Ex parte Heyman, 45 Texas Crim. Rep., 532; 78 S. W. Rep., 349; Ex parte Mills (Crim. App.), 46 Texas Crim. Rep., 224; 79 S. W. Rep., 555; Oxford v.

Frank (Civ. App.), 70 S. W. Rep., 426; Efeird v. State, 46 Texas Crim. Rep., 582 (Crim. App.); 80 S. W. Rep., 529.

Therefore as prohibition could not be declared, but only regulation, and the language employed being prohibition and not regulation, it was beyond the legislative power, and the court cannot exclude that which is unconstitutional and enforce the part which is constitutional, but all must fall. Ex parte Massey, 92 S. W. Rep., 1088; James v. Bowman, 190 U. S., 136; Sutherland on Stat. Const., sec. 170; State v. Mansker, 36 Texas, 364; Early v. State, 23 Texas Crim. App., 364; Jackson v. State, 16 Texas Crim. App., 373.

On question of Fourteenth Amendment: Connolly v. Union Sewer P. Co., 184 U. S., 540. On question of suspending charter power: Charter Dallas, 1907, pages 73–4, sec. 1, art. 12; Arroyo v. State, 69 S. W. Rep., 503, and authorities therein cited; Ex parte Fagg, 38 Texas Crim. Rep., 573; 44 S. W. Rep., 294; Sutherland Stat. Const., sec. 170; James v. Bowman, 190 U. S., 127; 47 Led., 879; Ex parte Massey, 49 Texas Crim. Rep., 60, 92 S. W. Rep., 1088; Western Union v. State, 62 Texas, 630.

On question of indefinite description of boundaries and allegation of offense and complaint: Queen Insurance Company v. State, 86 Texas, 250; French v. State, 14 Texas Crim. App., 76. Upon question of repeal of city charter: Acts 1907, p. 258; Ex parte Young, 95 S. W. Rep., 98; Ex parte Lynn, 19 Texas Crim. App., 293; 1 Lewis Southerland Stat. Const., 2d ed., secs. 276, 249; 26 Am. & Eng. Ency. Law, pages 739, 742; W. & A. R. R. v. Atlanta, 113 Ga., 537; S. C. 54 L. R. A., 294; State v. Robinson (Minn.), 112 N. W., 272; Bowyer v. Camden, 50 N. J. L., 87; Louisville R. R. Co. v. Williams (Ky.), 41 S. W., 287; Needen v. Clark, 59 Pac., 524; People v. Briggs, 50 N. Y., 553; Nusser v. Comm., 25 Pa. St., 126; Korah v. City Ottawa, 32 Ill., 121; Bryan v. Sundberg Collector, 5 Texas, 418; State v. Jno. Horan, 11 Texas, 144; Stirman v. State, 21 Texas, 734; Stebbins v. State, 2 S. W. Rep., 617; Dickinson v. State, 41 S. W. Rep., 759; Rutherford v. State, 39 Texas Crim. Rep., 137; 45 S. W. Rep., 579; Sullivan v. State, 32 Texas Crim. Rep., 50; 22 S. W. Rep., 44; Queen v. Cumberland Co. (Sup. Ct. Pa.), 29 Atl., 289; McCormick v. People, Ex rel Minor, State's Attorney (Sup. Ct. Ill.), 28 N. E., 1106; City of Hartford v. Hartford Theological Seminary (Supt. Ct. Conn.), 34 Atl., 483; State v. Angelo (Sup. Ct. N. H.), 51 Atl., 905; Hunt v. Card (Sup. Ct. Me.), 47 Atl., 921; Appeal of Wagner Free Institute (Sup. Ct. Pa.), 19 Atl., 297; Dobson v. Fire Ins. Coms. (Ct. App. N. T.), 40 N. E., 988; Dobbins v. Supervisors, etc., 5 Cal., 414; People v. McGuire, 32 Cal., 140; Sutherland on Stat. Cons., secs. 286, 147.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—There was a prosecution instituted in the corporation court of the City of Dallas, charging that appellant unlawfully es-

tablished, located, maintained and conducted a saloon, being a place where intoxicating liquors are sold, in the corporate limits of the City of Dallas, at number 333 Exposition Avenue, outside of certain limits set out in the complaint. Upon conviction in the corporation court, appellant appealed therefrom to the county court of Dallas county at law, where he was tried before the court, without the interposition of a jury, and the court assesed his fine at $105, from which judgment he has appealed to this court.

Appellant filed a motion to quash the complaint because the same neither charges nor prescribes any offense against any valid ordinance of the City of Dallas, nor any provision of the city charter of the City of Dallas; nor any other law of the State of Texas; and further, because said ordinance and charter provisions of the City of Dallas, upon which said complaint is based, are contrary to section 20, article 16, of the Constitution of the State of Texas, in that said ordinance attempts to prohibit by legislative enactment the sale of intoxicating liquors in a portion of the city, and to subdivide a city as to prohibition terrtory, contrary to the laws of the State of Texas and the Constitution of the State of Texas. Under this assignment, appellant insists that this provision of the Constitution is the exclusive method of effecting prohibition in a specified territory of the State, and the law governing a local option election was not observed in the passage of this ordinance. We have heretofore held that it lay within the sound discretion of the Legislature to prescribe limits in cities and towns within which. saloons may be conducted and outside of which saloons may be prohibited. It does not encroach upon any constitutional right of appellant, or anyone else in this State, to establish saloon limits; but the establishment thereof lies within the sound discretion of the Legislature. The establishment of saloon limits is in no sense a prohibition law, but is a bare regulation of the sale of whisky. Judge Bookhout of the Court of Civil Appeals, for the Fifth District of this State, 101 S. W. Rep., 1052, in the case of Cohen v. Rice, uses the following apt language: "The section of the charter quoted above is not a local option statute, prohibiting the sale of intoxicating liquors in the City of Marshall, but a statute regulating its sale within that city; and this the State, or the city council of Marshall, acting under power conferred by charter, had a right to do, under the police power of the State. The ordinance does not prohibit the sale of intoxicating liquors in the City of Marshall, but regulates the sale of the same in the city by confining its sale to the business portion of the city." See also Ex parte Levine, 46 Texas Crim. Rep., 364; 81 S. W. Rep., 1206, and Garonzik v. State, 50 Texas Crim. Rep., 533; 100 S. W. Rep., 374.

2. Appellant further insists that the ordinance in question violates the Fourteenth Amendment to the Constitution of the United States, in that said ordinance and charter provision deny to this defendant, and to other persons in the City of Dallas similarly situated the equal protection of the law; that said ordinance and charter provision arbitrarily and

unequally prescribes four different methods of prohibiting the sale of intoxicating liquors within the corporate limits of the City of Dallas:

a. It prescribes a special territory beyond which the intoxicating liquors are prohibited regardless of whether such outside territory is residential or business property, except that upon certain circumstances it exempts the property known as the Fair Grounds. b. Within such prescribed limits, the standard of prohibition is whether or not there is more residences than business houses within a radius of three hundred feet of said place of business. c. The portion of the City of Dallas known as Oak Cliff is by legislative enactment declared to be a residential section of the city, regardless of the local condition. d. The portion of the city known as the Fair Park property is exempted, although within the territory denounced as prohibition whenever consent to sell intoxicating liquors therein is obtained from the proper city officials.

On page 74 of the charter of the City of Dallas, passed by the Legislature in 1907, the charter provides as follows: "No person shall establish, locate or maintain any saloon, being a place where intoxicating liquors shall be sold within the above prescribed limits, etc. * * *."

We hold that the language here used merely authorizes the inhibition of the saloon. The charter after prescribing the limits, provides further that said Board of Commissioners shall never have power to authorize the establishment and maintenance of saloons in that territory heretofore annexed to the City of Dallas and known as the territory of Oak Cliff. It further provides that the public park, known as the grounds of the Texas State Fair, heretofore purchased by the city and now maintained as a public park, is not and shall not be construed to be included within such prohibited limits, and the sale of intoxicating liquors upon the grounds and territory so purchased and maintained by the city shall be lawful when license shall be duly obtained therefor, together with the consent of the city authorities in control of such park.

We hold that both of said provisos are bare legislative declarations; in the first instance inhibiting the establishment and maintenance of saloons in Oak Cliff; and in the second instance, exempting certain territory from said saloon limit boundary; and is no discrimination within the letter or spirit of the Constitution of this State or of the United States. See Garonzik's case above.

A clause of section 10 of what is known as the Baskin-McGregor bill, passed by the Act of the Thirtieth Legislature, page 258, read as follows: "And if the place of business be in any block or square of any city or town where there are more bona fide residences than there are business houses in said block or square, or in any block where there is a church or school, then said petition shall be accompanied with the written consent of a majority of bona fide householders of the residences in said block or square."

Appellant insists that this clause is contradictory of the saloon limit law of the City of Dallas. We hold not. It is a well-known rule of statutory construction that where two statutes can be given a con-

struction to uphold both, it must be done. We hold, and we take it that the language clearly imports, that before one can get a State license for the retail sale of whisky in any block where there are more bona fide residence than business houses, he must secure the consent of the majority of the bona fide householders. This in no sense conflicts with the saloon limit law embodied in the charter for the City of Dallas; nor, is the ordinance invalid, because said charter provision delegates to the city authorities in control of the property known as the Fair Grounds property, the power to suspend said charter provision and ordinance prohibiting the sale of intoxicating liquors, beyond the prescribed limits, so far as the territory known as the Fair Grounds property is concerned, since there is no prohibition of the sale of intoxicating liquors in the charter, nor any authorized; nor are the commissioners authorized to suspend same. But the charter merely provides, in substance, that before one can secure license in said Fair Grounds to sell whisky, or other intoxicants, he must do so through the Park Commission, to which commission the charter gives control of the park. The charter itself expressly says that the saloon limit law does not apply to the Fair Park. The Supreme Court of this State held in the case of the City of Oak Cliff v. State, 97 Texas, 389, that as prohibition already obtained in the territory of Oak Cliff, that a stipulation in the annexation act similar to the one above quoted, would not invalidate the act.

Appellant further insists that the charter provision prescribing saloon limits and the ordinance of the City of Dallas upon which said complaint is based, are so indefinitely framed it cannot be understood, either from the language in which it is expressed, or from some other written law of the State; and is, therefore, wholly inoperative.

The charter of the City of Dallas prescribes the metes and bounds of the saloon limits as follows: "Beginning at the Trinity River, where Payne Street, if extended, would intersect; thence on Payne Street to Alamo Street; thence on Alamo Street to Burk Street; thence on Burk Street to Carolina Street; thence on Carolina Street to McKinney Avenue; thence on McKinney Avenue to Orange; thence on Orange if extended to Patterson Avenue; thence on Patterson Avenue to Bullington Street; thence on Bullington Street to Bryan Street; thence on Bryan Street to Hall Street; thence on Hall Street to Live Oak Street; thence on Live Oak Street to Cantegral Street; thence on Cantegral Street to the Texas & Pacific Railroad; thence on the Texas & Pacific Railroad to Smith Street; thence on Smith Street to First Avenue; thence on First Avenue to Commerce Street; thence on Commerce Street to South Pearl Street; thence on South Pearl Street to Cabell Street; thence on Cabell Street to South Harwood Street; thence on South Harwood Street to Marilla Street; thence on Marilla Street to Veal Street; thence on Veal Street to Wood Street; thence on Wood Street to Santa Fé railroad tracks; thence with the Santa Fé railroad tracks to Young Street; thence on Young Street to Poydras Street; thence on Poydras Street to a point where Poydras Street would intersect line drawn through center of Block

156; thence west parallel with Commerce Street, through the center of blocks 56, 49, 42, 33, 23, 13, 5 and 414, to the Trinity River; thence with the Trinity River to the place of beginning; provided, the public park known as the grounds of the Texas State Fair, heretofore purchased by the city and now maintained as a public park, is not and shall not be construed to be included within such prohibited limits, and the sale of intoxicating liquors upon the grounds and territory so purchased and maintained by the city shall be lawful when license shall be duly obtained therefor, together with the consent of the city authorities in control of such park. Provided further, that said Board of Commissioners shall never have power to authorize the establishment and maintenance of saloons in that territory heretofore annexed to the City of Dallas and known as the territory of Oak Cliff."

There are some slight discrepancies in the calls of the boundaries. For instance: one call is for a certain street that had been abandoned, but the street is well known and marked; another for a street when extended to a certain other street, which is well known. These discrepancies we do not deem necessary to discuss. The only one we think necessary to note is the following: "Thence on Poydras Street to a point where Poydras Street would intersect line drawn through center of Block 156; thence west parallel with Commerce Street through the center of Blocks 56, 49, 42, 23, 13, 5 and 414, to Trinity River." Appellant insists, and the facts show, that Block 156 is a half mile from and never touches Poydras Street. A casual inspection, however, of the above quoted section of the field notes shows that the first call "156" is a clerical error, since when the call is made in the second instance it is called Block "56." Upon the trial of this case evidence pro and con was introduced as to whether or not the field notes would close; surveyors were introduced; they all conceded that by treating the call "156" as meaning Block "56" that the calls are entirely intelligible and plain and will entirely close the survey of the saloon limits as intended by the charter and ordinance of the city. The maps introduced and the evidence of the surveyors further show that Block 56 lies parallel with the above named blocks and on Poydras Street, and that Block 156, as stated, lies half a mile away, and the surveyors testified that by running to Block 56 and through it and the above named blocks to the Trinity River, that the lines are entirely intelligible and readily ascertained.

The purpose of the charter and of the ordinance in defining the saloon limit boundaries, was to definitely mark and make manifest to all parties the territory within which no saloon could be carried on. We must give force and validity to these lines since any intelligent man could readily ascertain same from an inspection thereof, and the laws of this State require (see article 9 of the Code of Criminal Procedure), that all laws on the subject of crime shall be construed without the distinction heretofore existing between penal and civil laws. The courts of this State have always upheld boundaries where a slight discrepancy or technical error in a call could be disregarded and the territory attempted to be

described thereby ascertained, and in doing so they have further held that no one call has any dignity in law over another, but that either call or any call can be disregarded in order to ascertain the footprints of the surveyor in establishing the boundary of the territory attempted to be marked out upon the land. If this can be accurately done, then the boundaries are sufficiently described. We hold that it was well and properly done in this case. We held in the Garonzik case, above cited; and cases there cited to support same, that this is permissible. There is no conflict between the charter provision authorizing the above limit legislation and the ordinance in question. The mere fact that the complaint does not except from its provisions Oak Cliff and Fair Park, does not invalidate the complaint, nor does the fact that the ordinance does not do so invalidate same, since, as above stated, the Legislature in passing the charter refused to permit the city to inhibit the sale of whisky in Fair Park, but authorizes its sale there and expressly inhibits the sale of same in the City of Oak Cliff. Whether we view the exemption of Oak Cliff from the provisions of the saloon law by reason of the fact that it is a local option district, or whether we view it as additional territory where saloons shall not be permitted, in either event the charter provision is constitutional, and we so hold.

4. Appellant further insists that the law is invalid because the Act of the Thirtieth Legislature of Texas, approved April 18, 1907, licenses and authorizes the pursuit of the business in which the defendant is engaged and the place designated in this complaint, and said ordinance of the City of Dallas and the charter provision of the City of Dallas, attempt to prohibit the pursuit of such business at said place. In the case of Ex parte Neal, 47 Texas Crim. Rep., 441, 83 S. W. Rep., 831, and Ex parte Keith, 47 Texas Crim. Rep., 283, 83 S. W. Rep., 685, it was held that, in construing the legislative intent in the adoption of a statute, the courts may take into consideration contemporaneous legislative history; and furthermore, that in order that one statute shall repeal another by implication, there must be an irreconcilable conflict between the two laws. In the light of this plain tenet of statutory construction, we hold that under a consideration of the legislative intent on the question of the whisky traffic, that it has been one unbroken policy of this State, where local option does not prevail, to license the retail sale of whisky, as well as the wholesale of intoxicating liquors; and that the Baskin-McGregor bill is simply a continuation of the policy existing in this State almost since its earliest history; that there was no attempt on the part of the Legislature, in adopting said bill or law, to interfere with the pre-existing conditions in cities and towns in this State, with reference to saloon limit laws, and the Baskin-McGregor bill, being a general law, would not repeal by implication the pre-existing special law, to wit: the city charter of the City of Dallas, under a provision of which special law saloon limits are established. This exact question was passed upon by Judge Talbot of the Court of Civil Appeals, in the case of Paul v. State, appealed from Dallas County,

but as yet unreported, and that court held that the Baskin-McGregor bill in no way militated against the saloon limits of the City of Dallas. The learned judge in the case above cited uses the following language: "Appellant contends that the Baskin-McGregor law is a complete scheme of legislation affecting the business of retail liquor dealers; that the charter of the City of Dallas, which was passed by the Thirtieth Legislature, a few days previous to the passage of the Baskin-McGregor Act, relates generally to the municipal affairs of the city and incidentally to the subject of retail liquor dealers; that the provisions of the charter are inconsistent with the general or Baskin-McGregor Act, and, therefore, the charter provisions must yield to the general act. We cannot agree with this construction of the law. It is well settled that special legislation or local laws are not repealed by a later general act, unless specially mentioned in the general law, or such purpose is made manifest from the plain provisions of the general law." Citing among other authorities, State v. Connor, 86 Texas, 133; Ellis v. Batts, 26 Texas, 703. Again, "There is no mention made in the Baskin-McGregor law of the act granting the Dallas charter, nor to any of its provisions. If, therefore, the Baskin-McGregor Act effects a repeal of any of the provisions of said charter it is by implication and not by expression. In his work on Statutory Construction, section 157, Mr. Sutherland says: 'It is a principle that a general statute without negative words will not repeal by implication from their repugnancy the provisions of a former one which is special or local unless there is something in the general law or in the course of legislation upon its subject matter that makes it manifest that the Legislature contemplated and intended a repeal.'" "Again, as said in the case of McGrady v. Terrell, 98 Texas, 427; 84 S. W. Rep., 641, the two laws having been passed at the same session of the Legislature, should be considered as if embraced in one act, and should be so construed as that both may stand." "That case is also authority for the legal conclusion, that if the acts be considered separately, 'it would not be presumed that the legislators had undergone such a radical change of mind within four (or five) days so as to destroy absolutely the provisions, of the charter making it unlawful to locate or conduct a saloon within the corporate limits of the City of Dallas outside of certain limits described, unless the conflict is irreconcilable. No such conflict, in our opinion, exists, and the provisions of the charter conferring upon the City of Dallas authority to license, tax and regulate saloons and places where intoxicating liquors are sold, etc., and prohibiting the sale of such liquors and the establishment of such places outside of certain defined limits, must be considered as having been excepted, by the Legislature, out of the operation of the general statute commonly known as the Baskin-McGregor law. Furthermore, subdivision 29, of article 14 of the city charter, declares, 'That the provisions of this act in so far as they may conflict with any State law shall be held to supersede the State law to that extent, and it shall not be held invalid on account of such conflict.'" See also the case of Ex parte, Steve Vaccarezza, appealed

from Bexar County. In the last cited case, in the original opinion it was held that the Baskin-McGregor bill was simply a continuation of the old system of taxation, with amendments and additions in the shape of pains and penalties and burdens upon the sale, and was not a creation of a new system, or a departure from the old, save and except that the same was an enlargement thereof.

5. Appellant further insists that the undisputed evidence showed that appellant had a license from the State of Texas to conduct and carry on the business of a retail liquor dealer at the place above described in the complaint at the time covered by the complaint, and also had a license from the City of Dallas to carry on and conduct the business of a retail liquor dealer at said place for the period covered by said complaint, which said city license was by the charter of the City of Dallas continued in force. To support this contention, appellant cites the following clause of the charter: "An act to incorporate the City of Dallas, and grant it a charter, contained in the special laws of the Twenty-ninth Legislature, and all other acts relative to the incorporation of the City of Dallas, so far as the same may conflict with this act, shall be and the same are hereby repealed, but all property actions, rights of action, claims and demands of every nature and kind whatever vested in the city or existing or asserted against the city, under and by virtue of said laws hereby repealed, shall vest in and remain and inure to the said corporation and to the persons asserting such claims against it, under this act as fully and completely in all respects as if the laws had not been repealed." The clause just cited has no relation whatever to the license clause above discussed; does not continue appellant's license.

In conclusion we will say that the facts show that appellant complied with the State law known as the Baskin-McGregor bill in securing State license, but he did not have a license from the City of Dallas to sell whisky within the saloon limits where he was engaged in the sale; he could not legally secure a license from the State to violate the saloon limits of the City of Dallas. We accordingly hold that in selling whisky in defiance of the ordinance of the city, which we hold to be valid, that appellant is guilty as found by the lower court. Before one can legally pursue the occupation of a retail liquor dealer in a city in Texas, he must secure a license from the city according to the ordinance of said city. The latter appellant did not do. It follows, therefore, that the decision of the corporation court and the county court at law should be affirmed, and in all things it is so ordered.

*Affirmed.*