TERRETTO v. STATE.　(No. 5093.)

(Court of Criminal Appeals of Texas.　June 26, 1918.　On State's Motion for Rehearing, Nov. 13, 1918.　Appellant's Rehearing Denied Oct. 29, 1919.)

1. CRIMINAL LAW ⬳304(12) — JUDICIAL KNOWLEDGE OF EXISTENCE OF CITY ORDINANCES.

Courts have no judicial knowledge of the existence of city ordinances nor their terms, and where they enter into a transaction proof of them is essential.

2. INTOXICATING LIQUORS ⬳10(3), 11—LIMITATION BY CITY OF TERRITORY IN WHICH LIQUORS MAY BE SOLD.

When authorized by its charter, a municipal corporation may by ordinance duly enacted designate the localities within its corporate limits wherein the sale of intoxicating liquors licensed under the state law may be sold and make it unlawful to sell elsewhere within the bounds of the city, and the Constitution does not restrict the power of the Legislature to prescribe a penalty for refusal to observe such city regulations.

On Motion for Rehearing.

3. CRIMINAL LAW ⬳1137(7)—ON PLEA OF GUILTY COMPLAINT AS TO INSUFFICIENCY OF EVIDENCE OF GUILT NOT REVIEWABLE.

In a prosecution for violation of Vernon's Ann. Pen. Code 1916, art. 630a, making it a felony to sell intoxicating liquors in a city outside of the limits fixed therefor by such city, in view of Vernon's Ann. Code Cr. Proc. 1916, art. 566, relating to pleas of guilty in felony cases, punishment, and discretion of jury, where the defendant has pleaded guilty and there is evidence that he sold intoxicating liquors in violation of the statute, he is not in a position to complain that the evidence was not sufficiently specific in showing his guilt.

4. CRIMINAL LAW ⬳1159(5)—SUFFICIENCY OF EVIDENCE OF GUILT WHERE PLEA OF GUILTY WAS ENTERED.

In view of Vernon's Ann. Code Cr. Proc. 1916, art. 566, relating to pleas of guilty in felony cases and giving the jury discretion in assessing punishment, where the evidence introduced was sufficient to enable the jury to determine that the defendant on his plea of guilty should receive the lowest punishment provided by law, the case may not be reversed for lack of sufficient evidence to show guilt.　•

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

V. Terretto was convicted of a felony in the alleged violation of Vernon's Ann. Pen. Code 1916, art. 630a, and appeals. Affirmed.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

C. C. Highsmith, of Houston, for appellant. John H. Crooker, Crim. Dist. Atty., of Houston, and E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. Appellant was convicted of a felony in the alleged violation of article 630a of Vernon's Ann. Penal Code, which denounces as a felony the sale of intoxicating liquors in a city or town outside of the limits fixed in said city or town in which intoxicating liquors may be sold.

The allegation in the indictment is that appellant sold intoxicating liquors in the city of Houston; that said city had prescribed certain localities in which such sales were made unlawful. The particular transaction is charged to have taken place at 918 Bayou street.

From the statement of facts it appears that appellant sold liquors at his place of business in the city of Houston located on the corner of Bayou and Liberty streets. There is no further proof as to the location of the building in which the sale was made. In other words, there is no specific proof that the sale was made at 918 Bayou street, the place designated in the indictment. We find no proof of the allegation contained in the indictment charging that the city of Houston had passed an ordinance fixing the saloon limits. The alleged ordinance and the manner of its adoption is set out quite fully in the indictment, but there appears to have been a failure to prove the fact thus alleged.

[1] The courts have no judicial knowledge of the existence of city ordinances nor their terms, and where they enter into a transaction proof of them is essential. This is declared by this court in Wilson v. State, 16 Tex. App. 501, in an opinion written by Judge Hurt, and by the Supreme Court of this state in Austin v. Walton, 68 Tex. 509, 5 S. W. 70, in an opinion written by Judge Gaines. These opinions are based upon the general rule of evidence as is indicated by the citation of authorities in the cases mentioned. This rule has been applied also in the case of Karchmer v. State, 61 Tex. Cr. R. 221, 134 S. W. 700, and the case of White v. State, 198 S. W. 964.

[2] When authorized by its charter, a municipal corporation may, by ordinance duly enacted, designate the localities within its corporate limits wherein the sale of intoxicating liquor licensed under the state law may be sold, and making it unlawful to sell elsewhere within the bounds of the city. This has frequently been held a legitimate exercise of municipal authority and one not inhibited by any of the provisions of our Constitution. Ex parte Abrams, 56 Tex. Cr. R. 470, 120 S. W. 883, 18 Ann. Cas. 45; Ex parte King v. State, 52 Tex. Cr. R. 386, 107 S. W. 549; Williams v. State, 52 Tex. Cr. R. 374, 107 S. W. 1121; Garonzik v. State, 50 Tex. Cr. R. 533, 100 S. W. 374; Cohen v. Rice (Civ. App.) 101 S. W. 1052; Andrews v. Beaumont, 51 Tex. Civ. App. 625, 113 S. W. 615. We find nothing in Lyle v. State, 80 Tex. Cr. R. 606, 193 S. W. 680, opposed to this principle. On the contrary, the court in rendering that opinion expressly recognized the legislative authority to grant to municipal corporations local self-government not in conflict with the laws or Constitution of the state. This declaration was made with full cognizance of the fact that municipal ordinances fixing saloon limits have been frequently upheld. Such limits being lawfully defined by ordinances enacted with the sanction of the Legislature, we are aware of no provision of the Constitution restricting the power of the Legislature to prescribe a penalty for the refusal to observe the regulation mentioned. See Ex parte Hollinsworth, 203 S. W. 1102, recently decided; also, Le Gois v. State, 80 Tex. Cr. R. 356, 190 S. W. 724. Assuming the existence of the authority under its charter, the city of Houston had in our opinion power to pass the ordinance set out in the indictment and the Legislature had the power to enforce the observance of the ordinance by the enactment of the statute in question.

For the insufficiency of the proof pointed out the judgment of the lower court is reversed and the cause remanded.

On State's Motion for Rehearing.

The judgment herein was reversed at a previous term of this court. The state filed within due time a motion for rehearing. The reversal was on account of the insufficiency of the evidence.

[3] Attention is called to the fact that the case was tried upon a plea of guilty regularly entered with the formalities and under circumstances required by the statute. The penalty for the offense charged was confinement in the state penitentiary for not less than one nor more than three years. Article 566, Vernon's C. C. P., is as follows:

"Where a defendant in a case of felony persists in pleading guilty, if the punishment of the offense is not absolutely fixed by law, and beyond the discretion of the jury to graduate in any manner, a jury shall be impaneled to assess the punishment and evidence submitted to enable them to decide thereupon."

The evidence developed on the trial showed that appellant had sold intoxicating liquor in the city of Houston, and the indictment set out in detail the ordinance of the city of Houston fixing the boundaries beyond which such liquors might not be sold. The appellant having pleaded guilty to the commission of the offense, and there being evidence that he had sold intoxicating liquors, we think he is not in a position to complain that the evidence was not sufficiently specific in showing his guilt.

[4] The statute above quoted is expressly

declared to be for the purpose of enabling the jury to determine the amount of his punishment. In those cases in which, even in a felony, he enters a plea of guilty, the jury, it seems, may assess his punishment without evidence where the law absolutely fixes the punishment, leaving the jury no discretion as to the extent thereof. In this instance the evidence introduced was sufficient to have enabled the jury to determine that appellant on his plea of guilty should receive the lowest punishment provided by law. Under the rule of this court in the case of Doans v. State, 36 Tex. Cr. R. 468, 37 S. W. 751, Shelton v. State, 30 Tex. 431, Woodall v. State, 58 Tex. Cr. R. 513, 126 S. W. 592, and Josef v. State, 33 Tex. Cr. R. 251, 26 S. W. 213, the action of this court reversing the judgment for the insufficiency of the evidence was erroneous.

Adhering to the ruling of the original opinion sustaining the validity of the ordinance set out in the indictment, the motion for rehearing is granted, the judgment reversing and remanding the cause set aside, and the judgment is now affirmed.