JOHN GONZALES v. THE STATE.

No. 7885.    Decided December 12, 1923.

**Manufacturing Intoxicating Liquor—Election by State—Other Crimes.**

Where there were two counts in the indictment, one for manufacture and the other for possession of intoxicating liquor, and appellant complained that the election by the State to rely on conviction upon the count charging the manufacture of liquor should have been made at an earlier stage of the trial, and that it was error in receiving evidence after such election, held that there was no error in such election, and the record showing that the evidence of other crime was only received for the purpose to guide the jury in assessing the punishment under defendant's plea of guilty, there is no reversible error, defendant receiving the lowest punishment.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, and *R. K. Hanger,* District Attorney, *W. H. Tolbert,* Assistant District Attorney, and *Julian B. Mastin,* Assistant District Attorney, for the State. On question of election, Bradshaw v. State, 28 S. W. Rep., 872; James v. State, 138 id., 614; Blackwell v. State, 100 id., 775.

On question of other evidence, Reub v. State, 247 S. W. Rep., 867; Davis v. State, 246 id., 395.

MORROW, PRESIDING JUDGE. The offense is the unlawful manufacture of liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The indictment contained two counts, namely, the unlawful manufacture and the unlawful possession of intoxicating liquor for the purpose of sale.

A plea of guilty was entered. Evidence was introduced sufficient to establish the fact that the appellant manufactured a quantity of liquor and sold it. This came from the confession of the appellant and was supported from other sources.

The State elected to rely upon the count charging the manufacture of liquor.

The appellant, in one of his bills, complains because the election was not made at an earlier stage of the trial and also insists that after the election, there was error in receiving in evidence that part of the appellant's confession to the effect that he had sold the intoxicating liquor that he manufactured. Under the facts, the bill touching the time of the election shows no error. No legal reason is discerned for receiving in evidence proof that the appellant has committed the offense of selling intoxicating liquor. It does not appear to come within any of the exceptions to the rule of evidence which ordinarily excludes proof of other crimes. This rule has a general application and is well illustrated by many decisions ·of this court cited in Branch's Ann. Tex. P. C., Sec. 166. Violations of the law prohibiting the liquor traffic are not exempt from its operation. In the present case, however, the only purpose in receiving evidence at all was to guide the jury in assessing the punishment. See Code of Crim. Proc., Art. 566. It being conclusive, both from the plea and from the evidence introduced that the appellant had violated the law prohibiting the manufacture of intoxicating liquor, and he having

received the lowest penalty prescribed by law, the admission of the improper evidence should not work a reversal of the judgment. Coats v. State, 86 Texas Crim. Rep. 234; Terretto v. State, 86 Texas Crim. Rep. 188; Taylor v. State, 88 Texas Crim. Rep., 470, 227 S. W. Rep., 679; Gumport v. State, 88 Texas Crim. Rep. 492, 228 S. W. Rep. 238.

The record revealing no error, the judgment is affirmed.

*Affirmed.*