**DISCOUNT LIQUORS NO. 2, INC.,**
Appellant,

v.

**TEXAS LIQUOR CONTROL BOARD,**
Appellee.

No. 7734.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 18, 1967.

Rehearing Denied Oct. 30, 1967.

Kolander & Templeton, Amarillo, for appellant.

Crawford Martin, Atty. Gen., George M. Cowden, A. J. Carubbi, Jr., R. L. Lattimore, Douglas H. Chilton, Asst. Attys. Gen., Austin, A. J. Folley, Folley, Snodgrass, Calhoun & Kolius, Amarillo, for appellee.

NORTHCUTT, Justice.

For convenience we will adopt the statement and nature of this case as given by appellee. This is an appeal from a summary judgment of the 47th District Court of Potter County, Texas, which denied the motion for summary judgment of the appellant, Discount Liquors No. 2, Inc., and granted that of the appellee, Texas Liquor Control Board. The appellant had theretofore appealed to the district court under the Texas Liquor Control Act (Articles 666–1 and 667–1, Texas Penal Code) complaining of the order of the County Judge of Potter County, Texas, denying its application for a beer retailer's off-premises license and of the order of the Texas Liquor Control Board denying its application for a package store liquor permit, such application being for permits at 2806 Duniven

Circle in the City of Amarillo in Potter County, Texas, being at a location in the City of Amarillo in which the sale of alcoholic beverages is prohibited by a City ordinance, though in what is otherwise "wet" territory. The denial of the permits was in each instance based on the ordinance making the sale of intoxicants unlawful except within the areas of the City where permitted by the ordinance. The appellant attacked the ordinance as being void and unconstitutional for the reasons stated in the appeal to the District Court, among which were that it conflicts with the general provisions of the Texas Liquor Control Act, that it is arbitrary and unreasonable, and that it conflicts with the local option provisions of the Constitution of Texas, being Section 20, Article XVI, and Section 28, Article I, of the Constitution, Vernon's Ann.St. since the area in which the application is sought has been voted a "wet" area. The District Court overruled the contentions of the appellant, finding from the pleadings and affidavits on file that the ordinance was valid, that the premises sought to be licensed were located in a prohibited area under the ordinance, that there was an absence of any genuine issue of any material fact.

The only reason that appellant's application was refused was because the sale of alcoholic beverages at the location involved was prohibited by Section 13–3 of the ordinance of the City of Amarillo, Texas. The location involved is in the City of Amarillo and is in a "wet" area. Amarillo is a home-rule city under the terms of Article 1175, T.R.C.S., which provides, inter alia, that the City has full power to enforce all ordinances necessary to protect health, life and property and to prevent and summarily abate and remove all nuisances and to preserve and enforce the good government, order and security of the City and its inhabitants.

The City Charter provides the City shall have the power "to provide for the establishment of districts and limits, within the said City, where saloons for the sale of spiritous, vinous and malt liquors may be located and maintained; and to prohibit the sale of such liquors or the locations of such saloons without such defined districts or limits."

The City Charter further provides: "The enumeration of powers made in this Charter shall never be construed to preclude, by implication or otherwise, the City from exercising the powers incident to the judgment of local self-government, nor to do any and all things not inhibited by the Constitution and laws of the State of Texas."

The City Ordinance 13–3 provides: "It shall be unlawful for any person to make a retail sale, offer for sale at retail, or maintain a place of business designed for the purpose of retail sales of any intoxicating liquors, wines or beer, at any place within the corporate limits of the City, save and except adjacent to and facing the following particularly designated streets and avenues * * *." The location here involved was prohibited under the terms of such ordinance.

■ As we review this record, the sole issue here involved is whether the City has the right to regulate the locations where the sale of liquor may be had within its limits. The City of Amarillo is a home-rule city invested with authority under its police powers to regulate the sale of liquor within its limits. The question of whether the ordinance in question is void as being arbitrary and unreasonable is one of law and not a matter for jury determination. City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477 (1955); Eckert v. Jacobs, 142 S.W.2d 374 (Tex.Civ.App.–Austin, 1940, no writ); Covington v. City of Denison, 369 S.W.2d 824 (Tex.Civ.App.–Dallas, 1963, no writ) and the many cases there cited.

■ It is well established in our jurisprudence that a home-rule city can regulate the sale of alcoholic beverages in its city limits. Louder v. Texas Liquor Control

Board, 214 S.W.2d 336 (Tex.Civ.App.–Beaumont, 1948, writ ref'd, n. r. e.); Le Gois v. State, 80 Tex.Cr.R. 356, 190 S.W. 724 (1916); Tritico v. Texas Liquor Control Board, 126 S.W.2d 738 (Tex.Civ.App.–Beaumont, 1939, no writ). See also Terretto v. State, 86 Tex.Cr.R. 188, 215 S.W. 329 (1918) where it is stated.

"When authorized by its charter, a municipal corporation may, by ordinance duly enacted, designate the localities within its corporate limits wherein the sale of intoxicating liquor licensed under the state law may be sold, and making it unlawful to sell elsewhere within the bounds of the city. This has frequently been held a legitimate exercise of municipal authority and one not inhibited by any of the provisions of our Constitution. Ex parte Abrams, 56 Tex.Cr.R. 470, 120 S.W. 883, 18 Ann.Cas. 45; Ex parte King v. State, 52 Tex.Cr.R. 386, 107 S.W. 549; Williams v. State, 52 Tex.Cr.R. 374, 107 S.W. 1121; Garonzik v. State, 50 Tex.Cr.R. 533, 100 S.W. 374; Cohen v. Rice (Civ.App.) 101 S.W. 1052; Andrews v. Beaumont, 51 Tex.Civ.App. 625, 113 S.W. 615."

The designation of localities where the sale of intoxicating liquor is inhibited is not prohibition but a mere regulation of sale. Garonzik v. State, 50 Tex.Cr.R. 533, 100 S.W. 374 (1906).

There is a great difference in a privilege and a property right. In Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198 (1949) it is stated:

"The Texas Liquor Control Act was enacted, in the exercise of the police power, for the purpose of regulating and controlling traffic in alcoholic beverages in the State. A license or permit to sell beer or other intoxicating liquor is a privilege and not a property right. The Act expressly so provides, Article 666–13, Annotated Penal Code, and it is so held. State v. De Silva, 105 Tex. 95, 145 S.W. 330; Bradley v. Texas Liquor Control Board, Tex.Civ.App., 108 S.W.2d 300; Louder v. Texas Liquor Control Board, Tex.Civ.App., 214 S.W. 2d 336. Since the permit or license is a mere privilege, its issuance, denial and cancellation are properly committed to an administrative body or agency, and, in the interest of efficiency, the fact findings made by the administrative body or agency in the performance of duties of this kind are usually subject to a limited, rather than to a full, judicial review, in Texas a review under the substantial evidence rule. Shupee v. Railroad Commission, 123 Tex. 521, 73 S.W.2d 505; Railroad Commission of Texas v. Metro Bus Lines, Inc., 144 Tex. 420, 424–425, 191 S.W.2d 10, 11; Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664."

See Pitre v. Baker, 111 S.W.2d 359 (Tex. Civ.App.–Beaumont, 1937, writ dism'd) where it is stated:

"Prior to the adoption of the home rule amendment, cities and towns looked to the general laws of the state for their power to act, and they had no power not granted them by law. The home rule amendment changed that principle of law, and home rule cities now have all power not denied them by the Constitution and general statutes; the distinction is this—before the adoption of the home rule amendment, cities and towns were compelled to point out the authority to act in the grant given them by the Legislature; since the adoption of the amendment, cities and towns look to the Constitution and general laws, not for specific grants of power, but to ascertain whether or not a specific power is denied them. Le Gois v. State, supra. There is nothing in the articles cited and relied upon by appellant nor in the Liquor Control Act, taking from the city of Port Arthur the power to amend its charter in the respect involved in this litigation. So it is our conclusion that, in adopting this charter amendment, the city did not exceed its constitutional grant of authority."

■■ The City of Amarillo, a home-rule city, has all power not denied it by the Constitution and general statutes of this State. We hold that the Constitution and general statutes of this State do not deny the City the right to regulate the area of the City in which liquor could be sold.

Judgment of the trial court is affirmed.