

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

October 11, 1989

Honorable David Cain
Chairman
Transportation Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas  78769

Opinion No. JM-1109

Re:  Authority of a munici-
pality to prohibit the oper-
ation of bicycles on a state
roadway  (RQ-1741)

Dear Representative Cain:

You ask  whether a  municipality has  the authority  to prohibit bicycles[1] from operating on a state roadway.

Section 179(a) of article 6701d, V.T.C.S., provides for the operation of bicycles in this state, as follows:

> Every person  riding  a bicycle  shall  be granted  all  of  the  rights  and  shall  be subject to all  of the  duties applicable  to the driver of a  vehicle by this Act,  except as to special regulations in this Article and except as  to those  provisions of  this  Act which by their  nature can  have no  applica-tion.

Other provisions  of  article 6701d,  the  Uniform  Act Regulating  Traffic  on  Highways,  require  that  a  person operating a bicycle  must ride on  a regular attached  seat, id. § 180(a), that no bicycle shall carry more persons at  a time than the number for which it is designed and  equipped, id. § 180(b), and  that a  bicycle should be  operated on  a

---

1.  Section 2(f)  of article  6701d, V.T.C.S.,  defines bicycle:

> 'Bicycle' means every device propelled  by human power upon which  any person may  ride, having two tandem wheels  either of which  is more than fourteen (14) inches in diameter.

roadway as near as is practicable to the appropriate curb, except under certain conditions. Id. § 182. Additional provisions relate to carrying packages, id. § 183, to the equipment required for nighttime operation, id. § 184(a), and to the specifications for brakes. Id. § 184(b).

Section 26 of article 6701d addresses the applicability of the act to municipalities. Section 26 provides:

> The provisions of this Act shall be applicable and uniform throughout this state and in all political subdivisions and muni-cipalities therein and <u>no local authority shall enact or enforce any ordinance, rule, or regulation in conflict with the provisions of this Act unless expressly authorized here-in. Local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of this Act.</u>
> (Emphasis added.)

Section 27(a) of article 6701d details certain express powers local authorities are given to adopt traffic regulations. Section 27(a) provides:

> (a) The provisions of this Act shall not be deemed to prevent local authorities <u>with respect to streets and highways under their jurisdiction</u> and <u>within the reasonable exercise of the police power</u> from --
>
> 1. <u>Regulating</u> the stopping, standing or parking of vehicles;
>
> 2. <u>Regulating</u> traffic by means of police officers or traffic-control devices;
>
> 3. <u>Regulating or prohibiting</u> processions or assemblages on the highways;
>
> 4. Designating particular highways as one-way highways and requiring that all vehicles thereon be moved in one specific direction;
>
> 5. <u>Regulating</u> the speed of vehicles in public parks;

6. Designating any highway as a through highway and requiring that all vehicles stop or yield before entering or crossing the same, or designating any intersection as a stop intersection or a yield intersection and requiring all vehicles to stop or yield at one or more entrances to such intersection;

7. Regulating the operation of bicycles and requiring the registration and licensing of same, including the requirement of a registration fee. (Emphasis added.)

Local authorities are additionally empowered to prohibit bicycles from any limited-access or controlled-access highway within their respective jurisdictions. Id. § 64.

Street or highway is defined in section 13(a) of article 6701d as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." (Emphasis added.) Roadway is defined as:

That portion of a highway improved, designed or ordinarily used for vehicular travel, exclusive of the berm or shoulder. In the event a highway includes two or more separate roadways the term 'roadway' as used herein shall refer to any such roadway separately but not to all such roadways collectively. (Emphasis added.)

Id. § 13(c). The shoulder of a highway is "not intended for normal vehicular travel." Id. § 13(1)(4). Limited-access or controlled-access highway means:

Every highway, street or roadway in respect to which owners or occupants of abutting lands and other persons have no legal right of access to or from the same except at such points only and in such manner as may be determined by the public authority having jurisdiction over such highway, street, or roadway.

Id. § 13(g).

Your question is directed to prohibiting bicycles from operating on a state roadway. Section 64 of article 6701d

certainly gives municipalities authority to prohibit bicycles from limited-access or controlled-access roadways. The more difficult question is whether municipalities' authority to regulate the operation of bicycles on streets and highways within their jurisdiction, pursuant to section 27 of article 6701d, includes the right to prohibit the operation of bicycles on roadways other than limited-access or controlled-access highways.

The matter of whether the authority to regulate includes the power to prohibit is considered at 76 C.J.S. Regulate, pages 612 and 613, where it is stated:

> The power to regulate includes the power to restrain, and indicates restriction in some respects, and the term 'regulate' embraces the idea of fixing limitations and restrictions, and contemplates the power of restriction or restraint. The word necessarily denotes some degree of restraint of acts usually done in connection with the thing to be regulated, and negatives the idea that all acts which ordinarily would be performed in connection therewith may be so performed without any restraint whatever. It has been said that to regulate means putting into effect such restrictions as may be necessary to protect the public from harm, and means and implies both government and restriction.

> It has often been said that the power to regulate does not necessarily include the power to prohibit, and ordinarily the word 'regulate' does not convey the meaning of 'prohibit.' This is true in a general sense, and in the sense that mere regulation is not the same as absolute prohibition. On the other hand, the power to regulate implies the power to check, and may imply the power to prohibit under certain circumstances, as where the best or only efficacious regulation consists of suppression, and it has been said that it does include the power to prohibit, except on the observance of authorized regulation. The word 'regulate' denotes some degree of prohibition of acts usually done in connection with the thing to be regulated, and negatives the idea that all acts which ordinarily would be performed in connection

therewith may be so performed without any prohibition whatever. (Footnotes omitted.) (Emphasis added.)

We believe that a municipality's authority to regulate the operation of bicycles on streets and highways within its jurisdiction, pursuant to section 27(a)(7) of article 6701d, does not necessarily include absolute authority to ban bicycles from a state roadway. We think the legislature intended to distinguish the terms "regulation" and "prohibition" for purposes of article 6701d, V.T.C.S., since section 27(a)(7) authorizes local authorities to "regulate" the operation of bicycles and section 27(a)(3) authorizes local authorities to "regulate or prohibit" processions or assemblages. See Valley Int'l Properties v. Los Campeones, Inc., 568 S.W.2d 680 (Tex. Civ. App. - Corpus Christi 1978, writ ref'd n.r.e.) (every word or phrase in a statute is presumed to have been used intentionally, with a meaning and purpose). The legislature gave local authorities express power to prohibit bicycles from certain roadways pursuant to section 64; it is therefore unreasonable to conclude that, absent equally express authority, the legislature also intended local authorities to have equivalent authority to prohibit the operation of bicycles under section 27(a). See Chastain v. Koonce, 700 S.W.2d 579, 583 (Tex. 1985) ("a word used in different parts of a statute will generally be given the same meaning throughout").

There may be situations, of course, where the "only efficacious regulation consists of suppression," see 76 C.J.S. Regulate, at 613, in which case prohibition might be construed as a "reasonable exercise of the police power" granted to local authorities by section 27(a) of article 6701d. See generally Garonzik v. State, 100 S.W. 374 (Tex. Crim. App. 1906) (designation of areas within city where liquor may not be sold is regulation, not prohibition). The determination of which particular situations meet this reasonableness criterion is a factual matter that cannot be resolved in the opinion process. The determination of what constitutes the exercise of the reasonable police power of a municipality in regulating the operation of bicycles on streets and highways pursuant to section 27(a) must be made on a case-by-case basis.

## S U M M A R Y

A municipality has the authority to prohibit the operation of bicycles on a limited-access or controlled-access highway,

road, or street  within its jurisdiction.   A municipality may  prohibit the  operation  of bicycles  on  roadways  other  than  limited-access or controlled-access highways if it is the only efficacious regulation  to  protect the public from harm,  and thus a  reasonable exercise of  a municipality's  police  power. The determination  of  what  constitutes  the exercise of the reasonable police power of  a municipality in regulating  the operation  of bicycles on state roadways must be made on  a case-by-case basis.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General