## JOHN JOSEF V. THE STATE.

### *No. 371. Decided April 28.*

**Plea of Guilty—Jury Impanelled, and Evidence Introduced, When—Statute Mandatory.**—It is expressly provided by article 519 of the Code of Criminal Procedure, that "where a defendant in a case of felony persists in pleading guilty, if the punishment of the offense is not absolutely fixed by law, a jury shall be impanelled to assess the punishment, and evidence submitted to enable them to decide thereupon." *Held,* the statute is mandatory, and its disregard fundamental error.

APPEAL from the District Court of Hunt. Tried below before Hon. E. W. TERHUNE.

Appellant was indicted for the murder of one Nicholas, whose Christian name was to the grand jury unknown, by strangling to death with a cord the said Nicholas. The murdered party was a newly born infant. At the trial defendant pleaded guilty to murder of the second degree, and was convicted of that degree of murder, the punishment being assessed at five years' imprisonment in the penitentiary.

A jury was impanelled in the case, but it appears from the record that no evidence was introduced, because the introduction of testimony was waived by prosecuting attorney and defendant's counsel.

*Earle Brougher,* for appellant.—The court erred in overruling appellant's motion for a new trial, because no evidence whatever in the case was submitted to the jury. This point is uncontroverted, and our higher courts have held this requirement to be mandatory, and that it was fatal error to disregard it. Code Crim. Proc., art. 519; Saunders v. The State, 10 Texas Crim. App., 336; Wallace v. The State, 10 Texas Crim. App., 407; Frosch v. The State, 11 Texas Crim. App., 280; Paul v. The State, 17 Texas Crim. App., 583; Turner v. The State, 17 Texas Crim. App., 588; Sanders v. The State, 18 Texas Crim. App., 372.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at fifteen years in the penitentiary. A motion for new trial was granted, whereupon a plea of guilty of murder in the second degree was entered, and under said plea he was awarded a term of five years in the penitentiary. Sentence was pro-

nounced, and this appeal was prosecuted. Many affidavits were filed pro and con as to whether he understood the nature of the plea. We deem it unnecessary to review this question, and, if it were necessary, would hold that he did, under the facts adduced.

There is but one question we deem it necessary to discuss. It is beyond dispute that no evidence was introduced before the jury under the plea of guilty. Our statute provides, that "where a defendant in a case of felony persists in pleading guilty, if the punishment of the offense is not absolutely fixed by law, and beyond the discretion of the jury to graduate in any manner, a jury shall be impanelled to assess the punishment, and evidence submitted to enable them to decide thereupon." Code Crim. Proc., art. 519. This article has always been held to be mandatory, and its disregard is further held to be funda- mental error. This statute, in so far as it requires the submission of evidence, is not intended solely for the benefit of the accused, but it is also intended to protect the interest of the State by preventing aggra- vated cases of crime from being covered up by a plea of guilty, and to prevent criminals from escaping with the minimum punishment fixed by law. Willson's Crim. Stats., secs. 2113, 2114. Such has been the uniform rule of construction placed on the statute in question. The requirements of the statute should be observed. The Legislature has so ordered, and the courts should enforce the law.

The judgment is reversed and remanded.

*Reversed and remanded.*

Judges all present and concurring.