### CLEMENTE FLORES v. THE STATE.

#### No. 4226.    Decided October 25, 1916.

**1.—Local Option—Plea of Guilty—Suspended Sentence—Affirmative Proof—Waiver.**

Where, upon appeal from a violation of the local option law, the record showed that the defendant entered the plea of guilty and a prayer for the suspension of sentence; that the jury refused to suspend sentence and assessed his penalty at one year imprisonment in the penitentiary, and that defendant expressly waived the introduction of affirmative proof by the State, although the judgment recited that the jury heard the evidence, held that the defendant thereby waived the requirement of article 566, Code Criminal Procedure, to the effect that evidence must be submitted to the jury to decide thereon, when the punishment is not absolutely fixed; as the jury assessed the lowest punishment. Following Kearse v. State, 68 Texas Crim. Rep., 633. Davidson; Judge, dissenting.

**2.—Same—Waiver—Statutes Construed—Trial in Felony Case—Affirmative Proof.**

While article 566, Code Criminal Procedure, requires the introduction of evidence when defendant pleads guilty and the punishment is not absolutely fixed by law, etc., yet article 22, Code Criminal Procedure, provides that the defendant may waive any right except the right of trial by jury in a felony case, and as the defendant can waive the introduction of evidence, and did expressly waive the introduction of affirmative proof by the State, he is in no position to complain, where the jury assessed the lowest penalty authorized by law. Following Hancock v. State, 14 Texas Crim. App., 392. Davidson, Judge, dissenting.

Appeal from the District Court of Kleberg. Tried below before the Hon. W. B. Hopkins.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Pope & Sutherland*, for appellant.—On question of presumption of innocence where no evidence is introduced: Jones v. State, 13 Texas

Crim. App., 1; Slade v. State, 29 id., 381; Thompson v. State, 30 id., 325.

On question where punishment is not absolutely fixed by law evidence must be introduced on a plea of guilty: Woodall v. State, 58 Texas Crim. Rep., 513, 126 S. W. Rep., 591; Jackson v. State, 48 Texas Crim. Rep., 373, 88 S. W. Rep., 239; Martin v. State, 36 Texas Crim. Rep., 632; Miller v. State, 58 id., 600; Murray v. State, 46 id., 400; Evers v. State, 22 S. W. Rep., 1019; Josef v. State, 33 Texas Crim. Rep., 251; Harwell v. State, 19 Texas Crim. App., 423.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with violating the prohibition law. When the case was called for trial he entered a plea of guilty, but filed a prayer asking a suspension of sentence during good behavior. The jury refused to suspend the sentence, and returned a verdict assessing the penalty at one year confinement in the penitentiary. On the next day he employed the attorneys who prosecute this appeal, and they filed a motion asking that the judgment be set aside because no evidence had been adduced on the trial tending to show him guilty of the offense; and when the motion for new trial was overruled a bill of exceptions was reserved to the action of the court in overruling the motion. In approving the bill the court approves it with the following qualification: "That when the indictment was read to the jury the defendant, in person, pleaded guilty, after being admonished by the court, and, in open court and before the jury, expressly waived the introduction of affirmative proof by the State."

The motion for a new trial alleging such grounds was not sworn to by appellant nor any other person; consequently it would not have properly raised the question that no evidence was adduced on the trial, that not being a matter shown by the record—the judgment record evidencing that evidence was heard, it reciting, "A jury was duly empaneled and sworn, who having heard the indictment read, the defendant's plea of guilty thereto, and having *heard* the evidence submitted," etc., returned into open court a verdict finding appellant guilty. But when appellant reserves a bill of exception to the action of the court in overruling his motion for a new trial, the trial judge certifies over his signature that *no evidence* was heard, saying the appellant in open court in person waived the introduction of evidence. So the sole question presented is, could a person who is on trial, being sane, waive the introduction of proof? It has often been held, that an admission by the person on trial in open court of a fact renders it unnecessary to prove that fact. (Kearse v. State, 68 Texas Crim. Rep., 633.)

Appellant relies on article 566 of the Code of Criminal Procedure, which provides that when a plea of guilty is entered and the punishment is not absolutely fixed by law and beyond the discretion of the jury to graduate, a jury shall be empaneled to assess the punishment,

and evidence submitted to enable them to decide thereon. It is true there are many cases holding that the provisions of this article are mandatory; that it is not intended solely for the benefit of the defendant, but is also intended to protect the interests of the State by preventing aggravated cases from being covered up by a plea of guilty and so allow the criminal to escape with the minimum punishment. Josef v. State, 33 Texas Crim. Rep., 251, 26 S. W. Rep., 213, and cases cited in Vernon's Procedure under this article on page 289. But in none of those cases is the question of "waiver" raised, discussed or decided.

While article 566 reads as above stated, yet we have another article of the Code, article 22, which provides: "The defendant in a criminal prosecution may waive any right secured him by law, except the right of trial by jury in a felony case," and the provisions of this article of the Procedure is as binding upon courts as is article 566. They were both enacted as a part of the original Code of this State, and brought forward in each codification.

If the appellant could waive the introduction of evidence, the record discloses he did so in person specifically when his attention was called to the matter, for the court says in the same paragraph where he certifies no evidence was introduced: "The defendant in person in open court *expressly waived* the introduction of affirmative proof by the State." He is now in no position to complain, for the jury assessed the lowest penalty authorized by law, and the State's attorney must be held to have also waived the rights of the State in this proceeding. We might question the propriety of the trial court accepting such waivers, but when the court has done so and the record discloses that the appellant waived his rights under article 566, as he was specifically authorized to do by article 22 of the Code, he can not thereafter, after verdict is rendered, because the jury did not suspend his sentence, withdraw a waiver he solemnly entered into in open court. In Hancock v. State, 14 Texas Crim. App., 392, Judge White says: "Defendant agreed to the submission of the testimony, and but for his agreement doubtless it would never have been offered in this shape. He can not be heard to complain where he was a party to, and where his own action brought about, the very matter of which he complains. He could waive the presence of the witnesses if he so desired, and agree that if present they would swear as they had previously done. In fact, he could waive any right guaranteed to him by the Constitution and laws, except the right of trial by jury."

The facts in the Antonio Diaz case are the same as in this case, the record being in the same condition, and for the reasons here stated it should also be affirmed.

*Affirmed.*

DAVIDSON, Judge (dissenting).—In this as in the Antonio Diaz case the condition of the record is substantially, if not exactly, the

same. My brethren put their affirmance on the ground that appellant expressly waived the introduction of testimony on the merits of the case, and cites the Kearse case, 68 Texas Crim. Rep., 633, as authority. The Kearse case is not in point and has no bearing on the question here involved, nor does the case cited by Judge Harper in 14 Texas Crim. App., 392, opinion by Judge White. I do not care to review those cases.

It will be noticed that in the case of Diaz v. State I wrote the opinion reversing it, following the statute and decisions in regard to pleas of guilty and the introduction of testimony in felony cases. This rule has been heretofore held mandatory, and the reasons are assigned in the authorities there cited. My brethren wrote the opinion in the Flores case, directly contradictory to what I wrote in the Diaz case. I let the opinion as I had written it stand in the Diaz case, but put at the bottom a short statement there found that I could not agree to the affirmance, but followed the decision in the Flores case in the affirmance. The statute, Judge Harper cites, that defendant may waive any matters guaranteed him by the Constitution except the right of trial by jury, is but an Act of the Legislature. It ought not to be questioned that the Legislature can not set aside any constitutional guarantees accorded the defendant, unless the Constitution expressly authorizes that body so to do. That the accused can not waive other rights accorded him besides the trial by jury has been so long settled that it is not the subject of debate. I shall make only one suggestion: The Constitution guarantees in a felony case no man shall be tried for his life or liberty without an indictment having been previously presented by a grand jury. No court has held that a citizen of Texas can be tried without presentment of indictment by a grand jury in a felony case. Not only so, but it has been universally held that citizens convicted of crime have been released from the penitentiary because there was no indictment preferred; that is, the indictment presented was by a grand jury composed of more or less than twelve men; and it has also been held that such is not an indictment. It is also the law that an indictment is not a valid one unless it concludes "against the peace and dignity of the State." This, too, where the question was not raised until it reached the appellate court. The cases supporting this proposition are well understood, and have been in Texas, and everywhere, so far as the writer is aware, where the constitutional provision in regard to that matter is the same as it is in our Constitution. This came for thorough adjudication in Cox v. State, 8 Texas Crim. App., 254. The statutes with reference to pleas of guilty in felony cases have been closely adhered to and strictly enforced. These statutes change several rules under our procedure with reference to ordinary cases. The general rule is that every citizen of Texas is presumed to be sane until appellant proves by a preponderance of evidence that he is insane. Under the statute, pleas of guilty in felony cases, the rule is reversed and all the authorities hold that where the statute so provides the pre-

sumption shifts and the accused is presumed insane, the State must show his sanity in order to sustain the plea of guilty. This statute travels upon the idea that no rational man would deliberately admit that he was guilty of a felony. Under such circumstances the law assumes he would be insane. Not only is this so, but the judgment must show his sanity as an adjudicated fact, and that he has not been induced to make this confession of guilt by any hope of pardon or other matters that would look to an infamous punishment. These statutes with reference to pleas of guilty under such circumstances do not stop here. They most solemnly provide that in all cases under such plea the evidence shall be introduced, unless it is one of those instances where the punishment is fixed absolutely without graduation or gradation. The majority admit this has always been held mandatory, but because the defendant may waive any right accorded him except trial by jury, therefore the waiver of his right covered everything, except trial by jury, therefore he can be sent to the penitentiary under graduated punishment by waiving the introduction of testimony. I can not agree with this proposition. It is not only in the face of the jurisprudence and adjudicated cases, but contrary to the statute. I do not care to follow this matter further. I have said this much in addition to what I wrote in the Diaz case. The judgment ought to be reversed and remanded.

For these reasons I respectfully enter my dissent in this case and apply it as well to the Diaz case.